# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

INSIGNIA SYSTEMS, INC.,

       Plaintiff,

v.

NEWS CORPORATION, NEWS
AMERICA MARKETING FSI L.L.C.,
AND NEWS AMERICA MARKETING IN-
STORE SERVICES L.L.C.,

       Defendants.

Case No. 19-cv-1820

**DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT
WITH COUNTERCLAIMS**

## <u>DEFENDANTS' ANSWER</u>

Defendants News Corporation, News America Marketing FSI L.L.C. ("NAM FSI"), and News America Marketing In-Store Services L.L.C. ("NAM In-Store" and with NAM FSI, "NAM") (collectively, "Defendants") upon personal knowledge and/or upon information and belief, answer the Plaintiff's Complaint (the "Complaint") as follows:

Each Defendant answers only those allegations that pertain specifically to it. With respect to allegations concerning other Defendants, each Defendant lacks knowledge and/or information sufficient to answer. The headings in the Complaint are not allegations and therefore do not require a response.

1.      Paragraph 1 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 1, except admit that News America Marketing In-Store Services L.L.C. offers in-store marketing services such as floor and shelf advertising, at-shelf coupon

dispensers, shopping cart advertisements, and other advertising and promotion products in supermarkets, drug stores, and other retail outlets. Defendants further aver that Plaintiff has improperly and impermissibly grouped News Corporation and NAM FSI with NAM In-Store in this action, and deny that News Corporation and NAM FSI conduct the business that is the purported subject of the claims asserted in Plaintiff's Complaint.

2.     Paragraph 2 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 2. Defendants aver that Plaintiff's Complaint, including this paragraph 2, seeks to recycle decades-old allegations that are meritless and that Plaintiff previously agreed to release and made a contractual commitment never to re-assert. Specifically, Defendants aver that on February 9, 2011, Insignia and NAM In-Store entered into a binding settlement agreement (the "Settlement Agreement") pursuant to which Insignia agreed to release any and all manner of actions and causes of action, suits, debts, obligations, contracts, torts, covenants, claims, rights of contribution and/or indemnification, rights of subrogation, sums of money, judgments, executions, liabilities, damages, interest, costs, expenses, attorneys' fees and legal costs, demands and rights whatsoever, contingent or noncontingent, in law or in equity, known or unknown, of any kind or character, from the beginning of time up to February 9, 2011 (collectively, the "Released Matters"), and covenanted not to sue, attempt to introduce as evidence, or otherwise assert any of the Released Matters and/or the underlying facts or conduct supporting the Released Matters against Defendants in any court, governmental or

regulatory body or other proceedings.  By asserting allegations such of those in paragraph 2, which concern NAM's alleged conduct "over a decade" ago and are the same as the allegations underlying the Released Matters, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

3.      Defendants deny the allegations in paragraph 3.  Defendants aver that the alleged quotation attributed to "a former News America Marketing, Inc. chairman" appears in a 2004 magazine article and in deposition testimony from a prior lawsuit describing events that (according to another NAM competitor) allegedly occurred in 1999.  Defendants also aver that on February 8, 2011, Insignia's counsel asserted those same allegations in opening statements at trial of the prior lawsuit with NAM In-Store that was settled on February 9, 2011.  Insignia relied on the same allegations in its opposition to NAM In-Store's motion for summary judgment in the prior lawsuit.  By re-asserting these twenty-year old allegations here, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

4.      Defendants deny the allegations in paragraph 4, except admit that NAM has been sued by certain competitors and a class of CPG companies, and that some of those lawsuits have been resolved by settlement agreements.

5.      Defendants deny the allegations in paragraph 5.  To the extent Plaintiff's allegations in paragraph 5 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

6. Paragraph 6 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 6. To the extent Plaintiff's allegations in paragraph 6 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

7. Defendants deny the allegations in paragraph 7. Defendants aver that pursuant to the Settlement Agreement, NAM In-Store agreed that it would not seek to enforce any right of first refusal and/or right of last refusal provision contained in any of its then-current agreements with retailers and would not include right of first refusal and/or right of last refusal provisions in any agreement it reached with any retailer in the future. NAM In-Store has complied with the Settlement Agreement.

8. Defendants deny the allegations in paragraph 8. To the extent Plaintiff's allegations in paragraph 8 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

9. Paragraph 9 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 9. Defendants aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct. To the extent Plaintiff's allegations in paragraph 9 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

10.     Defendants admit, on information and belief, the allegations in paragraph 10.

11.     Defendant News Corporation admits the allegations in paragraph 11.

12.     Defendants deny the allegations in paragraph 12, except admit that News America Marketing FSI L.L.C. is a Delaware limited liability company that has its principal place of business in New York, New York; and admit that News America Marketing FSI L.L.C. is a wholly owned indirect subsidiary of News Corporation.

13.     Defendants deny the allegations in paragraph 13, except admit that News America Marketing In-Store Services L.L.C. is a Delaware limited liability company that has its principal place of business in New York, New York; and admit that News America Marketing In-Store Services L.L.C. is a wholly owned indirect subsidiary of News Corporation.

14.     Defendants deny the allegations in paragraph 14.

15.     Paragraph 15 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff has sufficiently pleaded claims under any of the statutory provisions cited or is entitled to recover any damages, but admit that the Complaint purports to assert a claim over which this Court has subject matter jurisdiction, and admit that the Complaint purports to assert claims under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2; Sections 325D.51, 325D.52, and 325D.53 of the Minnesota Antitrust Act., Minn. Stat. §§ 325D.51, 325D.52, and 325D.53; and the common law of tortious interference with contracts and business relationships or expectancies.

16.     Paragraph 16 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff has sufficiently pleaded any claims or is entitled to recover any damages, but admit that the Complaint purports to assert claims for which venue is proper.

17.     Paragraph 17 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 17.

18.     Paragraph 18 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 18.

19.     The first sentence of paragraph 19 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 19.  Defendants deny the allegations in the second and third sentences of paragraph 19, except admit that NAM In-Store contracts with CPGs for the provision of NAM's in-store marketing services and, on information and belief, that Insignia contracts with CPGs for the provision of in-store marketing services; and admit that NAM In-Store contracts with retailers to lease retailer space, and, on information and belief, that Insignia contracts with retailers to lease retailer space.

20.     Paragraph 20 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 20, except admit that examples of in-store marketing services include, but are

not limited to, print and electronic shelf signage, shelf coupon dispensers, end-of-aisle displays, freezer clings, floor signage, and shopping cart advertising.

21.     Paragraph 21 purports to state legal conclusions as to which no response is required.  To the extent a response is required. Defendants deny the allegations in paragraph 21.

22.     Paragraph 22 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 22.

23.     The first sentence of paragraph 23 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 23.  Defendants deny the allegations in the second sentence of paragraph 23, except admit that CPGs purchase in-store marketing services from NAM In-Store and, on information and belief, that CPGs purchase in-store marketing services from Insignia.  Defendants deny the allegations in third sentence of paragraph 23, except admit that NAM In-Store contracts with retailers and, on information and belief, that Insignia contracts with retailers.

24.     Paragraph 24 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 24.  To the extent Plaintiff's allegations in paragraph 24 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

25. Paragraph 25 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 25. To the extent Plaintiff's allegations in paragraph 25 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

26. Paragraph 26 purports to state legal conclusions as to which no response is required. To the extent a response is required and the allegations contained in paragraph 26 concern Defendants, Defendants deny the allegations in paragraph 26. To the extent Plaintiff's allegations in paragraph 26 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

27. Paragraph 27 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 27. To the extent Plaintiff's allegations in paragraph 27 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

28. Defendants deny the allegations in paragraph 28, except admit that ACV is a metric intended to represent the sales volume of retailers in a particular class of stores; and admit that NAM In-Store contracts with grocery stores, drugstores, and dollar stores. To the extent Plaintiff's allegations in paragraph 28 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     The first sentence of paragraph 30 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 30.  Defendants deny the remaining allegations in paragraph 30.  Defendants aver that the quotation in paragraph 30 appears in the Fourth Amended Complaint filed in *The Dial Corp. et al.* v. *News Corp. et al.*, No. 13 Civ. 06802 (S.D.N.Y. Apr. 4, 2014).  Defendants further aver that the quoted language comes at the end of a section of that complaint that purports to summarize alleged conduct by NAM that allegedly took place nearly two decades ago, in 2001 and 2002, and respectfully refer the Court to publicly available court documents filed in the *Dial* action for a complete and accurate description of that proceeding.  Defendants also aver that these same allegations formed the basis of Insignia's prior claims against NAM In-Store, which Insignia released as to all Defendants in 2011, and by re-asserting them here Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

31.     Defendants deny the allegations in paragraph 31.  Defendants aver that the last sentence of paragraph 31 is taken almost verbatim from the Fourth Amended Complaint filed in the *Dial* action, except that Insignia omits that the "former News account manager" referenced (Robert Emmel) was fired by NAM in 2006—five years before Insignia entered into the Settlement Agreement—and that for this allegation the *Dial* plaintiffs cited to testimony that Emmel gave at a 2009 trial, nearly two years before

Insignia entered into the Settlement Agreement. Defendants further aver that Insignia deposed Emmel, who was already a former employee of NAM at the time, as a third-party and identified Emmel as a trial witness it intended to call to support its claims in the prior lawsuit, before entering into the Settlement Agreement. By re-asserting here the same allegations by Emmel that Insignia relied on for its last case, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

32. Defendants deny the allegations in paragraph 32.

33. Paragraph 33 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 33 and respectfully refer the Court to the referenced agreements for their actual language and complete contents. To the extent Plaintiff's allegations in paragraph 33 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

34. Defendants deny the allegations in paragraph 34. To the extent Plaintiff's allegations in paragraph 34 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

35. Defendants deny the allegations in paragraph 35. Defendants aver that the purported quotation comes from the prior testimony of former NAM employee Robert Emmel (*see* paragraph 31 above) who was fired by NAM in 2006 and was purporting to recount something he heard the then-CEO of NAM say in 2001. Defendants further aver that Insignia included this exact same testimony in its opposition to NAM In-Store's

motion for summary judgment in the prior litigation. By re-asserting here the same allegations by Emmel that Insignia relied on for its last case, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

36. Defendants deny the allegations in paragraph 36 and aver that pursuant to the Settlement Agreement, NAM In-Store agreed that it would not seek to enforce any right of first refusal and/or right of last refusal provision contained in any of its then-current agreements with retailers and would not include right of first refusal and/or right of last refusal provisions in any agreement it reached with any retailer in the future, and NAM In-Store has complied with the Settlement Agreement. To the extent Plaintiff's allegations in paragraph 36 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

37. To the extent the allegations in paragraph 37 concern Defendants, Defendants deny them. To the extent the allegations in paragraph 37 concern entities other than Defendants, Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants aver that pursuant to the Settlement Agreement, NAM In-Store agreed that it would not seek to enforce any right of first refusal and/or right of last refusal provision contained in any of its then-current agreements with retailers and would not include right of first refusal and/or right of last refusal provisions in any agreement it reached with any retailer in the future, and NAM In-Store has complied with the Settlement Agreement.

38.     Paragraph 38 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 38.  Defendants aver that pursuant to the Settlement Agreement, NAM In-Store agreed that it would not seek to enforce any right of first refusal and/or right of last refusal provision contained in any of its then-current agreements with retailers and would not include right of first refusal and/or right of last refusal provisions in any agreement it reached with any retailer in the future, and NAM In-Store has complied with the Settlement Agreement.  To the extent Plaintiff's allegations in paragraph 38 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

39.     Paragraph 39 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 39, and respectfully refer the Court to the referenced agreements for their actual language and complete contents.

40.     Defendants deny the allegations in paragraph 40 and aver that retailers are free to terminate their contracts with NAM prior to any renewal or extension past the initial term of those contracts.  To the extent Plaintiff's allegations in paragraph 40 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

41.     Defendants deny the allegations in paragraph 41.  To the extent Plaintiff's allegations in paragraph 41 purport to rely on facts arising prior to February 9, 2011,

Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

42. Defendants deny the allegations in paragraph 42. Defendants aver that the quoted text is taken from a July 2004 document produced to Insignia in the prior litigation with NAM In-Store. Defendants further aver that on February 27, 2009, Insignia's counsel asserted the same allegations and included the exact same quotation as appears in paragraph 42 in Insignia's opposition to NAM In-Store's motion for summary judgment in the prior litigation. By re-asserting these fifteen-year old allegations here, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

43. Defendants deny the allegations in paragraph 43. Defendants aver that the partially quoted text is taken from a 2006 document produced to Insignia in the prior litigation with NAM In-Store and which Insignia included on its trial exhibit list, and respectfully refer the Court to the referenced document for its actual language and complete contents. By re-asserting these thirteen-year old allegations here, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

44. Defendants deny the allegations in paragraph 44. To the extent Plaintiff's allegations in paragraph 44 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

45. Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46, except deny knowledge or information sufficient to form a belief as to the existence or substance of alleged communications between any retailers and Insignia, and respectfully refer the Court to the referenced documents for their actual language and complete contents.

47.     Defendants deny the allegations in paragraph 47, except deny knowledge or information sufficient to form a belief as to the existence or substance of alleged communications between any retailers and Insignia.

48.     Defendants deny the allegations in paragraph 48.

49.     Paragraph 49 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50, except deny knowledge or information sufficient to form a belief as to the existence or substance of alleged communications between any retailers and Insignia.

51.     Paragraph 51 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52 and respectfully refer the Court to the referenced agreements for their actual language and complete contents.  To the extent Plaintiff's allegations in paragraph 52 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54. To the extent Plaintiff's allegations in paragraph 54 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

55.     Defendants deny the allegations in paragraph 55. To the extent Plaintiff's allegations in paragraph 55 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Paragraph 59 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 59.

60.     Paragraph 60 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 60 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct. To the extent Plaintiff's allegations in paragraph 60 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

61.     Paragraph 61 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 61 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct.  To the extent Plaintiff's allegations in paragraph 61 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

62.     Paragraph 62 purports to state legal conclusions as to which no response is required.  To the extent a response is required and the allegations contained in paragraph 62 concern Defendants, Defendants deny the allegations in paragraph 62.  To the extent the allegations contained in paragraph 62 concern entities other than Defendants, Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations.  Defendants aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct.  To the extent Plaintiff's allegations in paragraph 62 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

63.     Defendants repeat their responses to the allegations in paragraphs 1 through 62, and incorporate them herein by reference.

64.     Paragraph 64 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 64.  To the extent Plaintiff's allegations in paragraph 64 purport to rely on

facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

65. Paragraph 65 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 65. To the extent Plaintiff's allegations in paragraph 65 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

66. Paragraph 66 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 66. To the extent Plaintiff's allegations in paragraph 66 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

67. Paragraph 67 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 67 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct. To the extent Plaintiff's allegations in paragraph 67 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

68. Defendants repeat their responses to the allegations in paragraphs 1 through 67, and incorporate them herein by reference.

69.     Paragraph 69 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 69.  To the extent Plaintiff's allegations in paragraph 69 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

70.     Paragraph 70 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 70.  To the extent Plaintiff's allegations in paragraph 70 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

71.     Paragraph 71 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 71 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct.  To the extent Plaintiff's allegations in paragraph 71 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

72.     Defendants repeat their responses to the allegations in paragraphs 1 through 71, and incorporate them herein by reference.

73.     Paragraph 73 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 73.  To the extent Plaintiff's allegations in paragraph 73 purport to rely on

facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

74.     Paragraph 74 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 74.  To the extent Plaintiff's allegations in paragraph 74 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

75.     Paragraph 75 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 75.  To the extent Plaintiff's allegations in paragraph 75 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

76.     Paragraph 76 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 76 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct.

77.     Defendants repeat their responses to the allegations in paragraphs 1 through 76, and incorporate them herein by reference.

78.     Paragraph 78 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 78.  To the extent Plaintiff's allegations in paragraph 78 purport to rely on

facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

79. Paragraph 79 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 79. To the extent Plaintiff's allegations in paragraph 79 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

80. Paragraph 80 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 80. To the extent Plaintiff's allegations in paragraph 80 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

81. Paragraph 81 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 81. To the extent Plaintiff's allegations in paragraph 81 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

82. Paragraph 82 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 82 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct.

83. Defendants repeat their responses to the allegations in paragraphs 1 through 82, and incorporate them herein by reference.

84. Paragraph 84 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84. To the extent Plaintiff's allegations in paragraph 84 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

85. Paragraph 85 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85. To the extent Plaintiff's allegations in paragraph 85 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

86. Paragraph 86 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 86. To the extent Plaintiff's allegations in paragraph 86 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

87. Paragraph 87 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 87. To the extent Plaintiff's allegations in paragraph 87 purport to rely on

facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

88. Paragraph 88 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 88 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct. To the extent Plaintiff's allegations in paragraph 88 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

89. Paragraph 89 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 89 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct. To the extent Plaintiff's allegations in paragraph 89 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

90. Paragraph 90 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 90 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct. To the extent Plaintiff's allegations in paragraph 90 purport to rely on facts arising prior to February 9,

2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

91. Defendants repeat their responses to the allegations in paragraphs 1 through 90, and incorporate them herein by reference.

92. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92. To the extent Plaintiff's allegations in paragraph 92 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

93. Paragraph 93 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 93. To the extent Plaintiff's allegations in paragraph 93 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

94. Paragraph 94 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 94 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct. To the extent Plaintiff's allegations in paragraph 94 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

95. Paragraph 95 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in

paragraph 95 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct. To the extent Plaintiff's allegations in paragraph 95 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

96.     Paragraph 96 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 96 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct. To the extent Plaintiff's allegations in paragraph 96 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

97.     Paragraph 97 purports to state legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 97 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct. To the extent Plaintiff's allegations in paragraph 97 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

98.     Defendants repeat their responses to the allegations in paragraphs 1 through 97, and incorporate them herein by reference.

99.     Paragraph 99 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 99.  To the extent Plaintiff's allegations in paragraph 99 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

100.    Paragraph 100 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 100.  To the extent Plaintiff's allegations in paragraph 100 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

101.    Paragraph 101 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 101.  To the extent Plaintiff's allegations in paragraph 101 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

102.    Paragraph 102 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 102 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct.  To the extent Plaintiff's allegations in paragraph 102 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

103.    Paragraph 103 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 103.  To the extent Plaintiff's allegations in paragraph 103 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

104.    Defendants repeat their responses to the allegations in paragraphs 1 through 103, and incorporate them herein by reference.

105.    Paragraph 105 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 105.  To the extent Plaintiff's allegations in paragraph 105 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

106.    Paragraph 106 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 106.  To the extent Plaintiff's allegations in paragraph 106 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

107.    Paragraph 107 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 107 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct.  To the extent Plaintiff's allegations in paragraph 107 purport to rely on facts arising prior to February

9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

108.     Defendants repeat their responses to the allegations in paragraphs 1 through 107, and incorporate them herein by reference.

109.     Paragraph 109 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 109.  To the extent Plaintiff's allegations in paragraph 109 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

110.     Paragraph 110 purports to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 110 and aver that any lost sales or profits allegedly incurred by Insignia are the results of lawful competition and/or are unrelated to Defendants' conduct.  To the extent Plaintiff's allegations in paragraph 110 purport to rely on facts arising prior to February 9, 2011, Insignia is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

Defendants deny that Plaintiff is entitled to any relief, including that requested in Sections A – F of Plaintiff's Prayer For Relief.

## DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring some or all of the claims alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff did not suffer any competitive injury or antitrust injury cognizable under the applicable statutes.

## FOURTH AFFIRMATIVE DEFENSE

The alleged conduct of Defendants was not the cause or proximate cause of the losses alleged by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take reasonable action to mitigate any alleged injuries and damages, if any, suffered as a result of the conduct alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and in pari delicto.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

## NINTH AFFIRMATIVE DEFENSE

Any and all of Defendants' actions challenged by Plaintiff were lawful, reasonable, justified, procompetitive, without intent to injure competition, and were carried out in furtherance of Defendants' legitimate business interests.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff purports to request injunctive relief, any such claim is barred because Plaintiff has an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

Any recovery is barred, or must be reduced, under the doctrine of avoidable consequences.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to join necessary parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by contractual agreement to release claims against Defendants and covenant not to sue.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are too speculative and uncertain and because of the impossibility of proving such alleged damages.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent it seeks recovery of attorneys' fees, because Plaintiff fails to establish a basis for such a claim.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to properly define a relevant product or geographic market.

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants do not have monopoly power or market power in any properly defined relevant product or geographic market.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

Any and all information provided by Defendants to third parties and challenged by Plaintiff was truthful.

## **DEMAND FOR TRIAL BY JURY**

Defendants demand a trial by jury on all issues so triable.

## DEFENDANTS' COUNTERCLAIMS

Defendants News America Marketing In-Store Services L.L.C. ("NAM In-Store"), and News America Marketing FSI L.L.C. ("NAM FSI" and with NAM In-Store, "NAM"), and News Corporation (together with NAM, "Defendants") hereby file this counterclaim against Insignia Systems, Inc. ("Insignia"), and allege as follows:

## NATURE OF THE ACTION

1.      To prop up a Complaint that is utterly meritless, Insignia relies on decades-old allegations about NAM's conduct that Insignia released in 2011 and made a binding contractual commitment never again to re-assert in any future proceeding.  The same allegations were the subject of a prior lawsuit that Insignia brought against NAM In-Store in 2004 ("*Insignia I*"), which the parties settled in 2011.  Insignia tries to make those stale allegations seem fresh by repeating them here without disclosing to the Court how old they are, much less acknowledging that they are the subject of a binding release and covenant not to sue.  For example, Insignia recounts events that allegedly happened in 1999, 2001, and 2002 and quotes from documents written in 2004 and 2006, all without identifying the dates or the fact that the same allegations and documents were at the heart of *Insignia I*.

2.      Insignia's blatant, willful, material and bad-faith violations of its contractual obligations have subjected Defendants to needless litigation, including the preparation of this response to Insignia's Complaint, and deprived Defendants of the primary and essential benefit of the 2011 Settlement Agreement.

3.      For these reasons, Defendants bring a counterclaim for breach of contract.

## THE PARTIES

4.      On information and belief, Insignia Systems, Inc. is a Minnesota corporation with its headquarters and principal place of business in Brooklyn Park, Minnesota.

5.      News Corporation is organized under the laws of Delaware and has its principal place of business in New York, New York.

6.      News America Marketing In-Store Services L.L.C. is a Delaware limited liability company that has its principal place of business in New York, New York.

7.      News America Marketing FSI L.L.C. is a Delaware limited liability company that has its principal place of business in New York, New York.

## JURISDICTION AND VENUE

8.      This Court has supplemental jurisdiction over Defendants' counterclaims pursuant to 28 U.S.C. § 1367(a).

9.      Venue is proper in this district under 28 U.S.C. § 1391(b) because Insignia resides in this district and a substantial part of the events giving rise to Defendants' claims occurred in this district.

## FACTS

### A.      The Parties Settle *Insignia I*.

10.      On February 9, 2011, NAM In-Store and Insignia settled a then-pending lawsuit between the parties (*Insignia I*) by entering into a settlement agreement and mutual release ("Settlement Agreement").  Under the Settlement Agreement, Insignia agreed to release Defendants from "any and all manner of actions and causes of action,

suits, debts, obligations, contracts, torts, covenants, claims, rights of contribution and/or indemnification, rights of subrogation, sums of money, judgments, executions, liabilities, damages, interest, costs, expenses, attorneys' fees and legal costs, demands and rights whatsoever, contingent or noncontingent, in law or in equity, known or unknown, of any kind or character, from the beginning of time up to the date of this Agreement (collectively, the "Released Matters")." In addition, Insignia further promised "***not to sue, attempt to introduce as evidence, or otherwise assert any of the Released Matters and/or the underlying facts or conduct supporting the Released Matters***" against Defendants "in any court, governmental or regulatory body or other proceedings."

11.     As consideration for this release and covenant not to sue, the parties agreed that NAM In-Store would pay Insignia $125 million, less $4 million which was owed by Insignia to NAM In-Store under a selling agreement, for a net total payment by NAM In-Store of $121 million to Insignia.

12.     NAM In-Store timely paid Insignia $121 million to satisfy its contractual obligation.

13.     The fundamental purpose of the Settlement Agreement is clear from its plain language—Insignia and NAM In-Store intended "to forever put to rest all disputes and claims through the date of" the Settlement Agreement, and Insignia's covenant not to re-assert the Released Matters "***and/or the underlying facts or conduct supporting the Released Matters***" was essential to achieving that purpose. Without assurance that it would not face the same claims and/or "new" claims based on the same underlying facts and conduct as the prior lawsuit, NAM In-Store would not have agreed to pay Insignia

$121 million.  By doing exactly what the Settlement Agreement prohibits, and asserting the same old alleged facts and conduct in support of its Complaint, Insignia has rendered the Agreement worthless to Defendants.

**B.**     **Insignia Materially Breaches the Settlement Agreement by Filing Its Complaint in this Action.**

14.     Insignia filed its Complaint in this action on July 11, 2019.

15.     In direct violation of the Settlement Agreement, Insignia's Complaint in this case asserts alleged facts and conduct that Insignia relied on to support its claims in the prior litigation.  For instance, in paragraph 2, Insignia asserts allegations based on Defendants' alleged conduct from over a decade ago, including alleged exclusionary agreements and other conduct encompassed in the allegations underlying the Released Matters.  By re-asserting these allegations in this action, Insignia is acting in bad faith and is blatantly, materially, and willfully violating the terms of the Settlement Agreement.

16.     Throughout its Complaint in this action, Insignia recycles the same, decades-old allegations that it asserted against NAM In-Store to support its claims in *Insignia I* and that are included in the Released Matters.  In paragraph 3, for example, Insignia asserts allegations relating to an alleged quotation attributed to "a former News America Marketing, Inc. chairman."  Insignia does not identify the source of the quotation.  Nor does it identify when the statement quoted was allegedly made.  The quoted statement appeared in a 2004 magazine article.  It also was the subject of deposition testimony from a prior lawsuit describing events that (according to another

NAM competitor) allegedly occurred in 1999. Insignia included that deposition testimony on its *Insignia I* trial exhibit list. *See Insignia I*, ECF No. 837-1 at 72–73. On February 8, 2011, Insignia's counsel asserted the same allegations in opening statements at trial of the prior lawsuit with NAM In-Store that was settled on February 9, 2011. *See Insignia I*, Trial Tr. Vol. II at 174, 175, 191, 193, 194. Insignia also relied on the same allegations in its opposition to NAM In-Store's motion for summary judgment in the prior lawsuit. *See Insignia I*, ECF No. 515 at 33. By re-asserting these twenty-year old allegations here, Insignia is materially violating the plain and essential terms of the Settlement Agreement, and thereby rendering it meaningless.

17. Insignia's Complaint is replete with similar allegations of conduct that predates the Settlement Agreement and is included in the Released Matters and covenant not to sue. What follows are just a few additional examples of such allegations—each of which represents a blatant, material, willful and bad-faith violation by Insignia of the Settlement Agreement.

18. In paragraph 35 of its Complaint, Insignia purports to quote another former NAM executive. Again Insignia fails to identify the date of the alleged statements or their source. The alleged statements were the subject of prior testimony by a former NAM employee, Robert Emmel, who was fired by NAM in 2006 and who purported to recount something he heard the then-CEO of NAM say in 2001. Insignia included this exact same testimony in its opposition to NAM In-Store's motion for summary judgment in the prior litigation. *Insignia I*, ECF No. 515 at 33–34. Insignia is violating the

Settlement Agreement by re-asserting here the same allegations by Emmel, regarding statements allegedly made 18 years ago, that Insignia relied on for its last case.

19.     In paragraphs 42 and 43 of the Complaint, Insignia purports to quote statements made by Marty Garofalo, "News America's former Executive Vice President of Trade." Yet again, Insignia does not identify the date of the statements. These statements are lifted directly from the *Insignia I* case file. As to paragraph 43, the quoted text is taken from a 2006 document produced to Insignia in the prior litigation that Insignia included on its trial exhibit list. *See Insignia I*, ECF No. 837-1 at 38. The quoted text in paragraph 42 comes from a 2004 document produced to Insignia in the prior litigation. On February 27, 2009, Insignia's counsel asserted the same allegations and included the exact same quotation as appears in paragraph 42 in Insignia's opposition to NAM In-Store's motion for summary judgment in the prior litigation. *Insignia I*, ECF No. 515 at 13. By re-asserting these fifteen-year old allegations here, Insignia is materially breaching the Settlement Agreement and undermining its fundamental goal of forever putting to rest the Released Matters.

20.     Paragraph 30 of Insignia's Complaint includes a partial quotation from the Fourth Amended Complaint filed in *The Dial Corp. et al.* v. *News Corp. et al.*, No. 13 Civ. 06802 (S.D.N.Y. Apr. 4, 2014). The quoted language comes at the end of a section of the *Dial* complaint that purports to summarize alleged conduct by NAM that allegedly took place nearly two decades ago, in 2001 and 2002. Insignia relied on the same alleged conduct for its claims in *Insignia I*, which Insignia released in 2011. By re-asserting those allegations here Insignia is materially violating the Settlement Agreement.

21.     Like the language in paragraph 30, the last sentence of paragraph 31 is also taken verbatim from the Fourth Amended Complaint filed in the *Dial* action.   Insignia omits, however, that the "former News account manager" referenced (Robert Emmel) was fired by NAM in 2006—five years before Insignia entered into the Settlement Agreement—and that for this allegation the *Dial* plaintiffs cited to testimony that Emmel gave at a 2009 trial, nearly two years before Insignia entered into the Settlement Agreement.  In *Insignia I*, Insignia deposed Emmel, who was already a former employee of NAM at the time, as a third-party and identified Emmel as a trial witness it intended to call to support its claims.  *See Insignia I*, ECF No. 742.  By re-asserting here the same allegations by Emmel that Insignia relied on for its last case, Insignia is materially violating the Settlement Agreement.

22.     Insignia has willfully, materially, and deliberately violated the Settlement Agreement by asserting in this action allegations including the Released Matters and the underlying facts and conduct it relied on in the prior litigation to support the Released Matters.  In so doing, Insignia has sabotaged the fundamental purpose of the Settlement Agreement and acted in bad faith.

23.     As a result of Insignia's recycling its prior allegations in violation of the Settlement Agreement, Defendants have been deprived of the primary and essential benefit of that Agreement and are being irreparably damaged.

## COUNT I

### Breach of Contract (Common Law)

24.     Defendants repeat and reallege each of the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25.     The Settlement Agreement is a valid and binding contract between NAM In-Store and Insignia.

26.     NAM In-Store has performed all of its obligations under the Settlement Agreement to date, and is ready, willing, and able to continue to perform its obligations under the Settlement Agreement.

27.     Under the terms of the Settlement Agreement, Insignia agreed to release and never to re-assert any of the Released Matters and/or the underlying facts or conduct supporting the Released Matters against Defendants in any court, governmental or regulatory body or other proceedings.

28.     Insignia has materially breached the Settlement Agreement by asserting in its Complaint in this case allegations concerning decades-old alleged conduct by Defendants, which are the same allegations included in and underlying the Released Matters.

29.     As a result of Insignia's material breach, which is ongoing, Defendants have been and are being permanently and irreparably injured by being deprived of their contractual rights including the primary and essential benefit of the Release, and Defendants do not have an adequate remedy at law to enforce the Release provision of the Settlement Agreement.

30.     As a result of Insignia's material breach, which is ongoing, Defendants also have been and are being damaged in an amount equal to or greater than the full consideration paid to Insignia pursuant to the Settlement Agreement.

31.     As a result of Insignia's material breach, which is ongoing, Defendants are entitled to rescission of the Settlement Agreement, or, in the alternative, specific performance and/or injunctive relief, by court decree, among other things, ordering Insignia to comply with the terms of the Settlement Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that judgment be entered in their favor against Insignia, adjudging and decreeing that:

a)     Insignia has materially breached its contract by filing its Complaint in this action;

b)     The Settlement Agreement is rescinded and Defendants shall recover all consideration paid to Insignia under that agreement, together with all other damages necessary to restore Defendants to the status quo ante before the Settlement Agreement was executed, and any other and further relief as may be just and proper;

c)     In the alternative, Insignia shall comply with terms of the Settlement Agreement by, among other things, refraining from asserting any of the Released Matters and/or the underlying facts or conduct supporting the Released Matters in this or any other court, governmental or regulatory body or other proceedings; and

d)	Insignia shall be permanently enjoined from asserting any of the Released Matters and/or the underlying facts or conduct supporting the Released Matters in this or any other court, governmental or regulatory body or other proceedings; and

e)	Defendants shall receive such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Defendants demand a trial by jury of all issues so triable.

Dated:  August 14, 2019

s/ Todd Wind
Todd Wind (#0196514)
Nicole M. Moen (#0329435)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Tel:  612.492.7000
Fax:  612.492.7077
twind@fredlaw.com
nmoen@fredlaw.com


William B. Michael (*pro hac vice* pending)
NY Bar No. 4296356
**PAUL WEISS RIFKIND WHARTON & GARRISON**
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:  212.373.3648
Fax:  212.492.0648
wmichael@paulweiss.com


Kenneth A. Gallo (*pro hac vice* pending)
NY Bar No. 430369
Jane B. O'Brien (*pro hac vice* pending)
NY Bar No. 4484457
**PAUL WEISS RIFKIND WHARTON & GARRISON**
2001 K Street, NW
Washington, DC 20006-1047
Tel:  202.223.7356
Fax:  202.204.7356
kgallo@paulweiss.com
jobrien@paulweiss.com

***Attorneys for Defendants***