UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| INSIGNIA SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>NEWS CORPORATION, NEWS AMERICA MARKETING FSI L.L.C., and NEWS AMERICA MARKETING IN-STORE SERVICES L.L.C.,<br><br>        Defendants. | Case No.: 19-cv-1820 MJD/BRT<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM**

Plaintiff Insignia Systems, Inc. ("Insignia") upon personal knowledge and/or upon information and belief, answers Defendants' New Corporation, News America Marketing FSI L.L.C. and News America Marketing In-Store Services, L.L.C.'s (collectively, "Defendants" or "News") Counterclaim as follows:

**Nature of the Action**

1. News's Paragraph 1 does not require a response by Insignia. To the extent a response is required, Insignia denies News's Paragraph 1.

2. Insignia denies News's Paragraph 2.

3. News's Paragraph 3 does not require a response by Insignia. To the extent a response is required, Insignia denies News's Paragraph 3.

**The Parties**

4. Insignia admits News's Paragraph 4.

5. Insignia admits News's Paragraph 5.

6. Insignia admits News's Paragraph 6.

7. Insignia admits News's Paragraph 7.

## Jurisdiction and Venue

8. News's Paragraph 8 is jurisdictional in nature; therefore, it does not require a response by Insignia. To the extent a response is required, Insignia does not contest the jurisdiction of this federal court.

9. News's Paragraph 9 is jurisdictional in nature; therefore, it does not require a response by Insignia. To the extent a response is required, Insignia admits that venue is proper in the United States District Court for the District of Minnesota.

## Facts

**A.   The Parties Settle *Insignia I***

10. Insignia admits that on February 9, 2011, Insignia Systems, Inc., Scott Drill, and News America Marketing In-Store Services L.L.C. executed a "Settlement Agreement and Release," which document speaks for itself. Insignia denies all remaining allegations in News's Paragraph 10.

11. Insignia admits that there is a Settlement Agreement, which document speaks for itself. Insignia denies all remaining allegations in News's Paragraph 11.

12. Insignia admits that News America Marketing In-Store Services L.L.C. paid Insignia the Net Amount on February 10, 2011. Insignia further admits that Paragraph 1 of the Settlement Agreement states: "The Net Amount is payable by the Defendants as

follows: the New Amount shall be paid on February 10, 2011, by wire transfer to BNC National Bank, ...." Insignia denies all remaining allegations in News's Paragraph 12.

13. This paragraph contains legal assertions which do not require a response. To the extent a response is required, Insignia denies the allegation. Insignia further denies all remaining allegations in News's Paragraph 13.

**B.** **Insignia Materially Breaches the Settlement Agreement by Filing Its Complaint in this Action.**

14. Insignia admits News's Paragraph 14.

15. This paragraph contains legal assertions, which do not require a response. To the extent that the paragraph purports to quote the Settlement Agreement, that document speaks for itself. Insignia denies all remaining allegations in News's Paragraph 15.

16. This paragraph contains legal assertions, which do not require a response. To the extent that the paragraph purports to quote the Settlement Agreement, that document speaks for itself. Insignia denies all remaining allegations in News's Paragraph 16.

17. Insignia denies News's Paragraph 17.

18. This paragraph contains legal assertions, which do not require a response. To the extent that the paragraph purports to quote the Settlement Agreement, that document speaks for itself. Insignia denies all remaining allegations in News's Paragraph 18.

19. This paragraph contains legal assertions, which do not require a response. To the extent that the paragraph purports to quote the Settlement Agreement, that document speaks for itself. Insignia denies all remaining allegations in News's Paragraph 19.

20. This paragraph contains legal assertions, which do not require a response. To the extent that the paragraph purports to quote the Settlement Agreement, that document speaks for itself. Insignia denies all remaining allegations in News's Paragraph 20.

21. This paragraph contains legal assertions, which do not require a response. To the extent that the paragraph purports to quote the Settlement Agreement, that document speaks for itself. Insignia denies all remaining allegations in News's Paragraph 21.

22. Insignia denies News's Paragraph 22.

23. Insignia denies News's Paragraph 23.

## Count I

### Breach of Contract (Common Law)

24. Insignia incorporates by reference its responses to the allegations contained above in Paragraphs 1 through 23.

25. News's Paragraph 25 assets a legal conclusion, which does not require a response by Insignia. To the extent a response is required, Insignia denies News's Paragraph 25.

26. Insignia denies that NAM In-Store has performed all of its obligations under the Settlement Agreement to date. At this time, Insignia has insufficient information to admit or deny all remaining allegations in News's Paragraph 26. To the extent a response is required, Insignia denies all remaining allegations in News's Paragraph 26.

27. Insignia denies News's Paragraph 27.

28. Insignia denies News's Paragraph 28.

29. Insignia denies News's Paragraph 29.

30. Insignia denies News's Paragraph 30.

31. Insignia denies News's Paragraph 31.

## **Affirmative Defenses**

Insignia asserts the following Affirmative Defenses against News's Counterclaim and reserves the right to amend such defenses as additional information becomes available:

1. News's Counterclaim fails to state a claim upon which relief can be granted.

2. News's Counterclaim is barred, in whole or in part, as contrary to public policy.

3. News's Counterclaim is barred, in whole or in part, under the doctrines of waiver, laches, and/or estoppel.

4. News's Counterclaim is barred, in whole or in part, because News breached its contractual obligations, frustrated or prevented Insignia's performance, and/or otherwise failed to perform or satisfy a condition precedent.

5. News's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

6. News's Counterclaim is barred, in whole or in part, by the applicable statute of limitations.

7. News is barred, in whole or in part, from recovering damages for any loss it allegedly suffered by its failure to mitigate such damages.

8. News's Counterclaim is barred by failure to show causation of any damages purportedly incurred by News, or any justification of the return of the Net Amount.

9. Defendants, or a subset of them, lack standing to assert the Counterclaim.

## Prayer for Relief

Insignia denies that Defendants are entitled to any of the relief they seek and requests that the Court deny all such relief with prejudice and order that Defendants take nothing and enter judgment in Insignia's favor against Defendants as follows:

A. Awarding all costs and attorneys' fees incurred defending against Defendants' baseless counterclaim to the extent permitted by law; and

B. Awarding such other costs and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Insignia demands trial by jury on all claims and issues so triable.

Dated: September 4, 2019                Respectfully submitted

*s/ Joshua J. Rissman*
Joshua J. Rissman (#0391500)
Daniel E. Gustafson (#202241)
Michelle J. Looby (#0388166)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 333-8844
Fax: (612) 339-6622
jrissman@gustafsongluek.com
dgustafson@gustafsongluek.com
mlooby@gustafsongluek.com

William Christopher Carmody (*pro hac vice*)
New York Bar No. 4539276
Arun Subramanian (*pro hac vice*)
New York Bar No. 4611869
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 336-3330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
asubramanian@susmangodfrey.com

Alejandra C. Salinas (*pro hac vice*)
Texas Bar No. 24102452
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
asalinas@susmangodfrey.com

Hunter Shkolnik (*pro hac vice*)
NAPOLI SHKOLNIK PLLC
360 Lexington Avenue, 11th Floor
New York, New York 10017
Telephone: (212) 397-1000
hunter@napolilaw.com

*Attorneys for Insignia Systems, Inc*