**EXHIBIT D**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

INSIGNIA SYSTEMS, INC.,

                Plaintiff,

v.

NEWS CORPORATION, NEWS
AMERICA MARKETING FSI L.L.C.,
AND NEWS AMERICA MARKETING IN-
STORE SERVICES L.L.C.,

                Defendants.

Case No. 19-cv-1820

**[PROPOSED] STIPULATION
FOR PROTECTIVE ORDER**

The parties stipulate that the Court may enter the following protective order:

I.      Except as otherwise ordered by this Court, this Stipulated Protective Order (hereinafter "Order") shall apply to all documents produced and all discovery responses given or filed in this action both by the parties and by any non-party that produces discovery in this case pursuant to discovery demand, subpoena or agreement. For purposes of this Order, "document or discovery response" shall include, but not be limited to, documents and tangible things, responses to requests for production of documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits and all copies, extracts, summaries or compilations.

        A.      This Order does not require production of protected documents, including (a) work product material or information and (b) materials or information covered by the attorney-client or other applicable, state or other, privileges. Such material may continue to be withheld from discovery by any party, unless the Court orders otherwise.

B.    All discovery subject to this Order shall be used solely and exclusively for purposes of this action in accordance with the provisions of this Order. No discovery shall be used in or for other cases, proceedings, or disputes or for any commercial, business, competitive, or other purpose whatsoever, without further order of the Court.

C.    The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party in this action.

II.    Definitions

A.    "attorney" means an attorney who has appeared in this action;

B.    "ATTORNEYS' EYES ONLY information" shall include any discovery material that the designating party or non-party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections, without which the disclosure of the information to another party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

C.    "CONFIDENTIAL information" shall include any discovery material that the designating party or non-party reasonably believes not to be in the public domain and that contains any trade secrets or other confidential, strategic, research, development, or commercial information;

D.    to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information

2

is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

E.     "document or discovery response" shall include, but not be limited to, documents and tangible things, responses to requests for production of documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits and all copies, extracts, summaries or compilations;

F.     "notice" or "notify" means written notice;

G.     "OUTSIDE ATTORNEYS' EYES ONLY information" shall include material produced by a non-party that the non-party reasonably believes to be so competitively sensitive that it is entitled to even more extraordinary protections than those accorded CONFIDENTIAL and ATTORNEYS' EYES ONLY information, without which the disclosure of the information to another party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Any such designation must be made in good-faith by an attorney upon concluding that specific pieces of information warrant that protection, and cannot be made wholesale for an entire deposition transcript or production of documents (other than in the case of a production of materials previously produced in prior litigation under confidentiality

3

protections similar to those accorded herein for OUTSIDE ATTORNEYS' EYES ONLY);

H.     "party" means a party to this action; and

I.     "protected document" means a document protected by a privilege or the work-product doctrine.

III.     The scope of discovery and testimony relating to experts in this action shall be limited as follows.

A.     The following categories of documents, information, or electronically stored information ("ESI") need not be disclosed by any party and are outside the scope of permissible discovery in this action:

1.     any drafts of reports, studies, or work papers (including intermediate calculations, computations, or data runs) and other draft materials prepared by, for, or at the direction of an expert witness or a non-testifying expert or consultant;

2.     any oral, written, or other communication between or among expert witnesses, non-testifying experts or consultants, their staff, assistants, colleagues or associates, and/or one or more attorneys (or their staff) for the party or parties offering the testimony of the expert witness, unless the testifying expert witness is relying upon such communications in forming the expert witness's opinions in this matter; and

3.      any notes, ESI, or other writings taken or prepared by or for a testifying expert witness or non-testifying expert in connection with this matter, including correspondence, emails or memoranda to or from, and notes of conversations with the expert's staff, assistants, colleagues, or associates, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party or parties offering the testimony of the expert witness, unless the testifying expert witness is relying upon such notes, ESI, or other writings in forming the expert witness's opinions in this matter.

B.      Nothing in this Order shall be construed to expand the permissible scope of discovery under Federal Rule of Civil Procedure 26(b).

C.      Neither the terms of this paragraph nor the parties' agreement to them implies that any of the information restricted from discovery through this Order would otherwise be discoverable.

IV.      Any party or non-party from whom production is sought may designate a document or discovery response as either CONFIDENTIAL, ATTORNEYS' EYES ONLY, or, in the case of non-parties, as OUTSIDE ATTORNEYS' EYES ONLY, pursuant to the terms of this Order and as defined in II. C, B, & G, respectively.

A.      A document or information contained in a document or discovery response given or filed in this action may be designated by stamping or otherwise marking (in such manner as will not interfere with the

legibility of the document) each page of a document containing confidential information with an appropriate notation substantially in the form: CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY.

1.  Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information shall also be treated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information pursuant to this Order.

2.  In the event deposition testimony concerns matters that a party or non-party deems CONFIDENTIAL or ATTORNEYS' EYES ONLY, the entity seeking such protection may designate that portion of the transcript as such (a) during the course of the deposition (in which case participation in that portion of the deposition may be limited to those persons who are authorized to receive such information pursuant to this Order) or (b) by written designation made within fifteen (15) days of receipt of the relevant transcript. In the event deposition testimony concerns matters that a non-party deems to be OUTSIDE ATTORNEYS' EYES ONLY, the entity seeking such

protection may designate that specific portion of the transcript — and only that specific portion — as OUTSIDE ATTORNEYS' EYES ONLY during the course of the deposition (in which case participation in that portion of the deposition may be limited to those persons who are authorized to receive such information pursuant to this Order). The procedures set forth herein, including the length of the 15-day period for designating testimony as CONFIDENTIAL OR ATTORNEY'S EYES ONLY, are subject to modification (including enlargement or shortening) either by consent of all interested entities, such consent not to be unreasonably withheld, or by order of the Court. The parties shall treat each deposition transcript as if designated ATTORNEYS' EYES ONLY (except those parts, if any, designated as OUTSIDE ATTORNEYS' EYES ONLY by a non-party during the course of a deposition) until the period for the confidentiality designation of such transcript has expired, after which time the parties shall honor all confidentiality designations in such transcript as provided in this Order.

3.      Regardless of the manner in which a deposition designation as CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY is initially made, such written designation as is contemplated in paragraph

IV.A.2.b. hereof shall be accomplished by clearly marking on a copy of that transcript each portion of the transcript containing CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information by placing the appropriate legend on the page of each portion of the transcript to be so designated. In the case of portions of deposition transcripts designated as OUTSIDE ATTORNEYS' EYES ONLY, the designations shall be as narrowly tailored as necessary to protect the designating party from the substantial injury that the designation is intended to prevent, and shall be confined to specific pieces of information warranting such treatment. The marked transcript shall be served on all parties to this action. If a party wishes to file in Court, or to rely upon in Court, CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information in a transcript designated pursuant to this Order, it shall comply with the procedures set forth in paragraphs IV.E. hereof.

B.  Deposition testimony designated as containing CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information may be so designated in response to a question, prior to any responsive testimony being given, or thereafter, regardless of whether the non-designating party objects to the

designation. The objecting party, however, may challenge the designation before the Court, either during the deposition or after its conclusion. In the event that the designation of information precludes a deponent's access to information, the party seeking to utilize such information at the deposition may seek leave of the Court, either during the deposition or thereafter, to examine the witness further on the information and related subjects covered by the designation.

C. At any deposition session, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel and those who have access to the appropriate category of information, leave the deposition room during that portion of the deposition. The failure of such other persons to comply with such a request shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

D. It is the responsibility of counsel for each party to this action to take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any materials containing CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES

ONLY information obtained from any party or non-party by maintaining the information in a secure and appropriate manner so as to allow access to the information only to such persons as are permitted pursuant to paragraph IV.F. hereof.  A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.  If any materials containing CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

E.     This protective order does not authorize the filing of any document under seal.  To the extent that CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information is contained in or attached to materials that a party wishes to file with the Court, in this action, such document may be filed only in accordance with LR 5.6.

F.     Except with the prior written consent of the party asserting confidential treatment or prior order of the Court, any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY document or discovery response, and the information contained therein, may not be disclosed other than in accordance with this Order.  All persons to whom

CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information is disclosed shall be required to abide by the terms of this Order.

1. ATTORNEYS' EYES ONLY information may only be disclosed to (a) outside counsel of record for the respective parties to this action and their paralegal and clerical staff, each of whom shall be required to abide by the terms of this Order, (b) up to five in-house counsel for each party to be identified by name to the other party, subject to change only because of a change in employment status or responsibilities of the identified in-house counsel, and his or her direct supporting staff. No, or (c) if the party does not have in-house counsel, one designated representative of the company to be identified by name to the other party. Other than as provided in paragraph IV.F.1.c, no ATTORNEYS' EYES ONLY information will be disclosed to the officers, directors and employees of a non-designating party other than the identified in-house counsel, except as otherwise provided in paragraph IV hereof.

➢ **Plaintiff proposes to add the language highlighted in yellow above to accommodate the fact that Plaintiff does not have in-house counsel. The limitation to a single client representative—together with other limitations in this protective order, such as the limitation on use of discovery material for purposes of this litigation, *i.e.*, not for any business purpose—properly balances the interest in protecting competitively sensitive information**

11

against counsel's need to communicate fully and fairly with their client about this case.

**Defendants do not agree.  Defendants submit that the purpose of the ATTORNEYS' EYES ONLY designation is to protect competitively sensitive information, the disclosure of which would otherwise create a substantial risk of serious and potentially irreparable injury.  This purpose is served by limiting the disclosure of such information to certain designated in-house counsel, who are not involved in running the day-to-day business of the respective companies and who have professional ethics responsibilities as lawyers.  Defendants' proposal strikes a reasonable balance between allowing such in-house counsel to provide fully-informed legal advice to their clients regarding this litigation and ensuring that the most competitively sensitive information produced by an adverse party will not be misused.  Accordingly, Defendants do not agree that ATTORNEYS' EYES ONLY information may be disclosed to a non-in-house counsel "designated representative."**

2.  CONFIDENTIAL information may be disclosed to the individuals identified in paragraph IV.F.l.a-b. hereof. CONFIDENTIAL information also may be disclosed to such current and former officers, directors and employees of a non-designating party who are involved in the prosecution or defense of this action, and any person who was an author, addressee, or intended or authorized recipient of the CONFIDENTIAL information, and as otherwise provided in paragraph IV hereof .

3.  OUTSIDE ATTORNEYS' EYES ONLY information may be disclosed only to outside counsel of record for the respective parties to this action and their paralegal and clerical staff, each of whom shall be required to abide by the

terms of this Order. OUTSIDE ATTORNEYS' EYES ONLY information may not be disclosed to the officers, directors and employees of any party, including in-house counsel, legal assistants, and other legal staff, except as otherwise provided in paragraph IV hereof.

4.      CONFIDENTIAL, ATTORNEYS' EYES ONLY, and OUTSIDE ATTORNEYS' EYES ONLY information may be disclosed to (a) expert witnesses, (b) consultants, (c) litigation support services, including outside copying services, (d) court reporters or (e) companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, engaged by counsel for a party to assist in the prosecution or defense of this action.

5.      CONFIDENTIAL, ATTORNEYS' EYES ONLY, and OUTSIDE ATTORNEYS' EYES ONLY information may be disclosed to the Court in this action and Court personnel under such safeguards as provided for in paragraph IV.E. hereof.

6.      CONFIDENTIAL, ATTORNEYS' EYES ONLY, and OUTSIDE ATTORNEYS' EYES ONLY information may be disclosed to any actual or potential deposition or trial witnesses and their counsel only to the extent that such information was written by, or to, such witness, or where

counsel believes in good faith that the witness knows or should know of the existence and content of such information, or where counsel believes in good faith that the information is not competitively sensitive as to the witness.

➢ **Plaintiff proposes to add the language highlighted in yellow above, mainly to address situations in which material that, while competitively sensitive as between the parties, is not competitively sensitive as to others who are not competitors of the designating party.**

   **Defendants do not agree.  Defendants submit that Plaintiff's proposal is far too subjective, and will invite unnecessary disputes.  It should not be left to outside counsel for an adverse party to make judgments about what information is or is not "competitively sensitive" as to a particular witness.  If the material has appropriately been designated for confidentiality under this Protective Order and does not meet the other criteria specified above, then it should not be shown to the witness.**

7.   CONFIDENTIAL information also may be disclosed to any actual or potential deposition or trial witnesses, including current or former employees, officers or directors of a party or non-party, who are reasonably believed to have relevant information regarding the CONFIDENTIAL information. (Only applies to CONFIDENTIAL information, not ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY information.)

8.   CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information may be disclosed to any other person as to whom the party or non-party producing the information has consented to disclosure

in advance and in writing, on notice to each party hereto. Such consent shall not be unreasonably withheld.

G.   No recipient of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information shall make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this action and solely for the purposes of this action.

H.   Nothing in this Order shall preclude any party to this lawsuit or its counsel: (a) from showing any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY document or discovery response to an individual who either prepared, authored, or received the document or discovery response prior to the filing of this action; (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that that party itself has designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY; or (c) from disclosing or using, in any manner or for any purpose, any information or documents obtained legally from a source not governed by this Order, or that otherwise is or becomes part of the public domain through no breach of this Order.

I.   A party disclosing CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information to

a person described in paragraph IV.F.4, 6–8 hereof must first: (i) advise the recipient that the information has been designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY pursuant to this Order, and may only be used in connection with this action; (ii) provide the recipient with a copy of this Order; and (iii) have that person execute the "Acknowledgment Regarding The Stipulated Protective Order" attached hereto. Each such signed Acknowledgment shall be maintained by the party providing the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information to that person and a copy thereof shall be provided to any party to this action and to the producing entity whose CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information was disclosed pursuant to the terms of this Order upon request.

➢ **Defendants submit that the protective procedure outlined in paragraph IV.I. should apply to those the categories of individuals listed in IV.F.4, and 6–8.**

**Plaintiff would limit the category of individuals subject to this procedure to those identified in IV.F.4. Plaintiff, in particular, objects to procedure IV.I.iii. It is not practicable to require witnesses (category IV.F.6-7) to sign an acknowledgement prior to giving testimony, thus requiring the parties to seek relief from the Court if a witness for whatever reason refuses to sign the acknowledgment. Plaintiff is amenable to procedures IV.I.i and IV.I.ii. As for other individuals to whom the parties consent to disclosure (category IV.F.8), Plaintiff is willing to meet and confer in good faith on an individual basis about whether a signed acknowledgement is necessary.**

J.    In the event that a party receiving CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY documents or information, receives a subpoena, a request for the production of documents in connection with litigation, or other compulsory process for any such CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY documents or information from any court or local, state, or federal government entity, the receiving party shall provide notice of the subpoena in writing to the party or non-party that produced the information within two (2) business days of receipt of such subpoena, request for production, or other process. The notice will set forth the information subpoenaed or requested, the person requesting the information, and attach a copy of the subpoena or other process. The purpose of the notice is to provide an opportunity for the party that had produced and designated the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information to challenge the subpoena, request, or other process. The receiving party shall not produce any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information in response to such subpoena, request, or other compulsory process without the prior written consent of the party that produced such information,

unless in response to an order of a court or an administrative tribunal of competent jurisdiction.

K. A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

V. Use by the parties of any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information at pre-trial hearings open to individuals not otherwise authorized to receive such information under this Order and at trial shall be governed as follows:

A. In the event that any party intends to use any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information in any pre-trial hearing, trial, or other proceeding open to individuals not entitled to receive such information, such party shall give reasonable advance notice to the other party and the parties will meet and confer to determine whether such information continues to be CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY. If the CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information at issue was produced by a nonparty, and/or designated by a non-party, the party intending to use the information shall give such non-party ten (10) business days' written notice and an opportunity to participate in the meet and confer. If the parties cannot agree as to whether the information should be de-designated, the dispute shall be referred to

18

the Court and the party that produced the information bears the burden of proving the information at issue is CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY within the definition(s) of those term(s) set forth above.

B.      The parties shall confer and attempt to agree, before trial or other hearing, on the procedures under which CONFIDENTIAL, ATTORNEYS' EYES ONLY, and OUTSIDE ATTORNEYS' EYES ONLY information may be used at such trial or hearing.

C.      Absent agreement, the Court shall be asked to issue an order governing the use of CONFIDENTIAL, ATTORNEYS' EYES ONLY, and OUTSIDE ATTORNEYS' EYES ONLY information at trial or other hearing upon reasonable notice to all parties and non-parties who have produced such CONFIDENTIAL, ATTORNEYS' EYES ONLY, and OUTSIDE ATTORNEYS' EYES ONLY information.

D.      Notice of the potential use at trial or other hearing of any CONFIDENTIAL, ATTORNEYS' EYES ONLY, and OUTSIDE ATTORNEYS' EYES ONLY information produced or designated by non-parties shall be provided to such non-parties by the party intending the use information, along with the terms of any agreement or Court order issued pursuant to paragraph V.B.-C. of this Order, if and when any such materials are listed as potential exhibits in the required filings prior to commencement of trial. The

19

party intending to use the information shall give notice as soon as practicable after any CONFIDENTIAL, ATTORNEYS' EYES ONLY, and OUTSIDE ATTORNEYS' EYES ONLY information which is not listed on an exhibit list is determined to be likely to be used by counsel for a party in the course of trial or other hearing subject to an agreement or Court order issued pursuant to paragraph V.B-C of this Order.

> **Plaintiff believes the highlighted language at V.A. should be deleted because it requires a cumbersome confidentiality re-review procedure in advance of any hearing, and require counsel to reveal their work product in advance of any hearing by giving the opposing counsel a preview of the materials counsel anticipates using at the hearing. To the extent non-parties' interests are implicated in the use of designated discovery materials in this action at hearings or at trial, Plaintiff does not object to including non-parties in the parties' meet and confer efforts regarding the use of designated discovery materials, but commitment to the procedure set forth in V.D is premature pending those meet and confer efforts.**

> **Defendants believe these provisions should be preserved as set forth above. Among other things, Defendants do not believe it is reasonable for the parties to agree to a proposal that would deprive non-parties of notice of, and the opportunity to respond to, the potential use of such non-parties' information at trial or other hearing.**

VI.     Any party who wishes to challenge another party's designation of information as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY may proceed as follows:

A.     Any party receiving any information or documents that have been designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY may object in writing to

such designation providing notice to all parties (and to a non-party if that is the designating entity), and identify the desired de-designation by specifying the information or material that the challenging party contends was improperly designated by document number, deposition page and line number, or other appropriate designation of material lacking bates numbers. The designating party (or any other interested party or non-party) shall then have ten (10) days to reject the desired de-designation by so informing the challenging party, in writing, on notice to all parties. (The 10-day period in which to respond is subject to enlargement or shortening by either consent of all interested entities, such consent not to be unreasonably withheld, or the Court.) Absent a timely rejection of the desired de-designation, the information shall be deemed to be de-designated in accordance with the challenging party's notice of de-designation. If such objection cannot be resolved, in good faith, by agreement, the objecting party may file a motion with the Court to determine the propriety of the designation.

➢ **Plaintiff proposes to limit the time to respond to a de-designation request to five (5) business days (effectively, in most instances, one calendar week). Resolving challenges to confidentiality designations should not be a protracted process, and, if productive meet and confers are in fact ongoing, the provision in section VI.A for the parties to agree to stipulated extensions should allay any concern about unnecessary discovery disputes being brought to the Court.**

**Defendants see no reason to limit the time for the parties to try to reach an agreement on challenged designations and believe**

**that limiting this period to five (5) business days will result in unnecessary discovery disputes being brought before the Court.**

B.    The objecting party's motion shall:

1.    certify that he or she has sought in good faith to confer with opposing counsel and has been unable to resolve the dispute by agreement;

2.    list by document number, deposition page and line number, or other appropriate designation of material lacking bates numbers, the information that the party claims was improperly designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY.

C.    Within ten (10) days after service of such motion, the other party may file a response opposing the motion of up to twenty (20) pages in length. The party seeking the de-designation shall have leave to submit a twenty (20) page reply within seven (7) business days. The burden of establishing the factual and legal basis for confidential treatment of any information rests with the party requesting such confidentiality.

➢    **Defendant proposed ten days as a reasonable and sufficient amount of time to respond to a discovery motion.**

**Plaintiff proposes requiring the parties to respond within five (5) business days, again to avoid unnecessarily delaying the process for resolving challenges to confidentiality designations.**

D.    If such motion is made as provided in paragraph VI hereto, until the motion is ruled upon by the Court, the designation of confidentiality

shall remain in full force and effect and the information shall continue to be accorded the treatment required by this Order.

VII.   Disclosure by the producing party or non-party of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information without proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any party's or non-party's claim to confidentiality, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed. Upon learning of the disclosure of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information without proper designation, the party or non-party seeking protection of the information shall, within ten (10) days, properly designate such information; provided, however, that no party shall be deemed to be in breach of this Order by reason of any use or disclosure of such information, inconsistent with such later designation, that occurred in good faith prior to notification of such later designation.

VIII.   Nothing contained in this Order shall affect the right of any party or producing entity to make any objection, claim privilege, or otherwise contest any request for production of documents, subpoena, interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules of Civil Procedure. Nothing in this Order shall constitute an admission or waiver, in whole or in part, of any claim, privilege, or defense by any party or producing entity. The parties have agreed that they may at their option, but are not obligated to, produce voluminous materials without detailed, or any, review to determine whether a privilege or other immunity from discovery applies to some of the documents. They have further agreed that any such production will not operate as a

waiver of claims of privilege or other immunities that may apply to any document produced in this fashion. The production of any information that is privileged or otherwise protected or exempted from disclosure shall not be deemed a waiver or impairment of any claim of privilege or protection (including, but not limited to, the attorney-client privilege or the protection afforded to work product materials) whether in this case or in any other federal or state proceeding. The foregoing shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

IX. If a producing party or non-party discovers that it has produced privileged material or material that is otherwise exempt from disclosure (the "Privileged Material"), such producing party or non-party may, upon learning of the disclosure, so notify in writing those parties to whom it produced the Privileged Material (the "Privileged Material Notice"). Upon receipt of such notification, the receiving parties shall immediately return to the producing party or non-party all copies of the Privileged Material in its possession and shall, using reasonable best efforts, immediately delete all copies of the Privileged Material and expunge from any other document or material information solely derived from the information (except where the document or information has been made part of the record or a filing in the action in which case the burden of seeking removal or expungement shall be on the designating party, subject to paragraph X. hereof). The receiving parties shall confirm the destruction of the Privileged Material within five (5) business days of receiving the Privileged Material Notice. The receiving parties shall also immediately inform any person to whom disclosure of the Privileged Material was made pursuant to paragraph VI.F. hereof of the disclosure, and shall request that each such person, using reasonable best efforts, immediately destroy and/or delete all copies of the Privileged

Material within its possession and expunge from any other document or material information solely derived from the information (except where the document or information has been made part of the record or a filing in the action in which case the burden of seeking removal or expungement shall be on the designating party, subject to paragraph X. hereof). If a person who receives CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information pursuant to paragraph VI.F.1.-4., 6.-8. hereof realizes that any of that information is subject to the attorney-client, work-product, or other privilege, that person shall promptly notify the producing party, return to it the privileged information, delete all copies of such information, and shall expunge from any other document or material information solely derived from the produced privileged information (except where the document or information has been made part of the record or a filing in the action in which case the burden of seeking removal or expungement shall be on the designating party, subject to paragraph X. hereof). Those persons shall also immediately inform any other person to whom disclosure of such material was made pursuant to paragraph VI.F. hereof, and shall request that each such person immediately destroy and/or delete all copies of such material within its possession. Upon providing confirmation, pursuant this paragraph, that the receiving party has destroyed or returned all copies of the Privileged Material, a receiving party may request that the producing party provide a privilege log with respect to the Privileged Material within fourteen (14) days. In the event that a receiving party wishes to contest the producing party's claim of privilege or work product, it shall give the producing party or nonparty written notice of the reasons. In the event the receiving party and producing party or non-party are unable to resolve the dispute in a meet and confer, the receiving party may file a

motion to determine the propriety of the producing party's assertion of privilege or other immunity over the Privileged Material. The burden of demonstrating that the Privileged Material is privileged or otherwise immune from discovery shall remain on the producing party or non-party. The receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege, or that the disclosure was not inadvertent, or that the disclosing party or non-party failed to take reasonable steps to prevent the disclosure, or that it failed to promptly take reasonable steps to rectify the disclosure. Nor shall the producing party or nonparty be required to establish any of the foregoing.

X.      In the event a producing party intentionally and affirmatively uses privileged information to support its claims or defenses in the litigation, then such intentional and affirmative use may operate as a waiver consistent with Federal Rule of Evidence 502(a), it being understood that no party will argue that the mere production of a document of information in this litigation operates as a waiver.

XI.      If a producing party or non-party discovers that it has produced personally sensitive information or material that is not relevant to any of the claims or defenses in the litigation, such producing party or non-party may, upon learning of the disclosure, so notify in writing those persons to whom it produced that material. The receiving party shall thereafter follow the procedures set forth in paragraph IX. hereof, and immediately destroy or return said information. If the receiving party wishes to challenge the claim that the information is irrelevant to the claims or defenses in the action, it may retain one copy for the purpose of resolving the dispute.

XII.      Any party shall be free to move to modify this Order.

XIII.    A failure to challenge the propriety of a designation of confidentiality at the time the designation is made shall not preclude or detract from a subsequent challenge thereto.

XIV.    All materials containing CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information that are submitted to the Court or used in any pretrial proceeding before the Court shall continue to be entitled to the protection provided by this Order.

XV.    Each person who receives CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

XVI.    Not later than 120 calendar days after conclusion of this action and any appeal related to it, all CONFIDENTIAL, ATTORNEYS' EYES ONLY, and OUTSIDE ATTORNEYS' EYES ONLY information of any type, all copies thereof, and all excerpts therefrom shall be returned to counsel for the party or non-party producing the documents, or destroyed, at the producing entity's option, except that outside counsel for each of Plaintiff and Defendants may retain one copy of all CONFIDENTIAL, ATTORNEYS' EYES ONLY, and OUTSIDE ATTORNEYS' EYES ONLY information, and except as the Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain any attorney work product.

XVII.    After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter

of public record. This Court retains and shall have jurisdiction over the parties and recipients of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information of any type for enforcement of the provisions of this Order following termination of this litigation.

XVIII. A breach of the provisions of this Order shall be subject to sanctions, in the discretion of the Court as within or authorized by any statute, rule or inherent power of the Court, or as otherwise provided by law.

XIX.   Except as otherwise provided in paragraph III of this Order, this Order shall have no effect on whether a document or information is discoverable. This Order shall not be used as a basis to expand the scope of discovery permitted by applicable law. Any agreement of the parties embodied in this Order does not constitute an admission or agreement that any document or information designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY by a party or non-party: (a) is entitled to any confidentiality; (b) is competent, relevant, or material; (c) is subject to discovery; or (d) is admissible as evidence in this case. Designation of any information subject to this Order shall have no meaning or effect with respect to the substantive issues in this proceeding for the claims or defenses of any party hereto.

XX.   This Order is binding on the parties immediately upon execution by the parties.

SUSMAN GODFREY L.L.P.

By:  /s/ [Proposed Draft]
William Christopher Carmody
Arun Subramanian
Mark Musico
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
(212) 336-8330
bcarmody@susmangodfrey.com
asubramanian@susmangodfrey.com
mmusico@susmangodfrey.com

Alejandra C. Salinas
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
(713) 651-9366
asalinas@susmangodfrey.com

NAPOLI SHKOLNIK PLLC
Hunter Shkolnik
360 Lexington Avenue, 11th Floor
New York, New York 10017
(212) 397-1000
hunter@napolilaw.com

GUSTAFSON GLUEK PLLC
Daniel E. Gustafson (#202241)
Michelle J. Looby (#0388166)
Joshua J. Rissman (#0391500)
120 South 6th Street, Suite 2600
Minneapolis, Minnesota 55402
(612) 333-8844
dgustafson@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com

*Attorneys for Plaintiff*

Date:

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP

By:  /s/ [Proposed Draft]
Kenneth A. Gallo
Jane B. O'Brien
Jeannie S. Rhee
2001 K Street, NW
Washington, D.C. 20006-1047
(202) 223-7300
kgallo@paulweiss.com

William B. Michael
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
wmichael@paulweiss.com

FREDRIKSON & BYRON, P.A.
Todd Wind (#0196514)
Nicole M. Moen (#0329435)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Tel:    612.492.7000
Fax:    612.492.7077
twind@fredlaw.com
nmoen@fredlaw.com
jobrien@paulweiss.com

*Attorneys for Defendants*

Date:

Dated: _____        SO ORDERED


BECKY R.THORSON
UNITED STATES MAGISTRATE
JUDGE

## ACKNOWLEDGMENT REGARDING

## THE STIPULATED PROTECTIVE ORDER

I, _____, have read, and agree to be bound by, the protective order in the case captioned *Insignia Systems, Inc. v. News Corp., et al.,* No. 0:19-cv-1820-MJD-BRT in the United States District Court for the District of Minnesota. I have been given a copy of and have read this Order and agree to be bound by its terms.  As soon as my work in connection with that action has ended, but not later than 120 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Dated: _____