## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| Insignia Systems, Inc., | Civ. No. 19-1820 (MJD/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| News Corporation, News America Marketing FSI L.L.C., and News America Marketing In-Store Services L.L.C., | |
| Defendants. | |

Alejandra Salinas, Esq., Arun S. Subramanian, Esq., Gloria Park, Esq., Mark Musico, Esq., William Christopher Carmody, Esq., Susman Godfrey LLP; Daniel E. Gustafson, Esq., Joshua J. Rissman, Esq., Michelle J. Looby, Esq., Gustafson Gluek PLLC; Hunter J. Shkolnik, Esq., Napoli Shkolnik PLLC; Jerry W. Blackwell, Esq., S. Jamal Faleel, Esq., Blackwell Burke PA, counsel for Plaintiff.

Gerson Avery Zweifach, Esq., Williams & Connolly LLP; Jane B. O'Brien, Esq., Jeannie S. Rhee, Esq., Kenneth A. Gallo, Esq., William Michael, Esq., Paul, Weiss, Rifkind, Wharton & Garrison LLP; Nicole M. Moen, Esq., Todd A. Wind, Esq., Fredrikson & Byron, PA, counsel for Defendants.

BECKY THORSON, United States Magistrate Judge.

## BACKGROUND

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. No. 46), and Plaintiff's Cross-Motion for Judgment on the Pleadings. (Doc. No. 59.) These motions relate to a prior settlement made between Insignia Systems, Inc., News Corporation, and News America Marketing In-Store, Inc., among others, which was entered into on February 9, 2011, during the first days of trial in the case

*Insignia Sys., Inc. v. News Corp., Ltd.*, No. 04-cv-4213 (JRT/AJB).[1] Pursuant to the

stipulation of the parties (Doc. Nos. 844, 845), the Court dismissed the case and ordered

the following:

> [T]he United States District Court for Minnesota shall retain jurisdiction to enforce the Parties' settlement agreement and Exclusive Selling Agreement entered on February 9, 2011, and pursuant to 28 U.S.C. § 636, Fed.R.Civ.P. 53 and Local Rule 72.1, the Honorable Arthur J. Boylan is hereby designated to serve as a special master for any disputes that arises between the parties regarding enforcement or interpretation of the Parties' settlement agreement entered on February 9, 2011, Joint Exhibit A thereto, the long-form exclusive selling agreement and related matters.

(Civ. No. 04-4213, Doc. No. 848, 2/10/11 Order.)[2]

On July 11, 2019, Plaintiff Insignia Systems, Inc., filed this new lawsuit against

Defendants News Corporation, News America Marketing FSI L.L.C., and News America

Marketing In-Store Services L.L.C. (Doc. No. 1, Compl.) Defendants filed their Answer

and Counterclaim against Plaintiff on August 14, 2019, and Plaintiff filed a Reply to

Defendants' Counterclaim on September 4, 2019. (Doc. Nos. 19, 27.) Defendants'

Counterclaim is for breach of contract based on the alleged breach of the Settlement

---

[1]    According to the record in *Insignia Sys., Inc. v. News Corp., Ltd.*, No. 04-cv-4213 (JRT/AJB), opening statements and witness questioning began on February 8, 2011. (Civ. No. 04-cv-4213, Doc. No. 843.) The next day, the minutes reflect that the parties reached settlement. (Civ. No. 04-cv-4213, Doc. No. 846.)

[2]    After the settlement agreement was entered, but before the previous case was closed, Magistrate Judge Boylan addressed multiple issues relating to the settlement pursuant to the 2/10/11 Order. Here, neither party has suggested that the Order contemplated that Magistrate Judge Boylan would interpret the agreement following his retirement, nor have they suggested that now-retired Magistrate Judge Boylan would want any such arrangement. Importantly, however, no party has argued that this Court lacks jurisdiction to hear contractual disputes regarding the prior settlement agreement.

Agreement terms as more fully described below. The Court held a Pretrial Conference on

October 4, 2019, and issued its Pretrial Scheduling Order on October 11, 2019. (Doc.

Nos. 35, 36.) Prior to the issuance of that Order, Defendants previewed their intent to file

this dispositive motion for Judgment on the Pleadings in their Rule 26(f) Report. (Doc.

No. 32.)

## DISCUSSION

On October 21, 2019, Defendants filed a Motion for Judgment on the Pleadings

pursuant to Fed. R. Civ. P. 12(c) based in part on the records and proceedings from Civ.

No. 04-cv-4213, including the February 9, 2011 settlement agreement ("the Settlement

Agreement") between the parties. (Doc. No. 46.) In the Settlement Agreement, the parties

stated their "desire to forever put to rest all disputes and claims through the date of [the]

Agreement." (Doc. No. 50, Exhibit A to Decl. of Todd Wind ("Exhibit A"), FILED

UNDER SEAL.) Specifically in the Settlement Agreement, the parties agreed to release

all –

> actions and causes of action, suits, debts, obligations, contracts, torts,
> covenants, claims, rights of contribution and/or indemnification, rights of
> subrogation, sums of money, judgments, executions, liabilities, damages,
> interest, costs, expenses, attorneys' fees and legal costs, demands and rights
> whatsoever, contingent or noncontingent, in law or in equity, known or
> unknown, of any kind or character, from the beginning of time up to the
> date of [the] Agreement (collectively, "Released Matters").

(*Id.* ¶ 10.)

In their motion, Defendants do not argue that new claims, or causes of action, are barred by the Settlement Agreement.[3] Rather, Defendants argue that Plaintiff is barred from asserting old facts, which predate the settlement, in this new case. In taking this position, Defendants rely on the Settlement Agreement term that immediately follows the release language. That term states that each of the parties "further promises, covenants, and agrees not to sue, attempt to introduce as evidence, or otherwise assert any of the Released Matters and/or the underlying facts or conduct supporting the Released Matters against the [parties] in any court, governmental or regulatory body or other proceedings." (*Id.*) According to Defendants, this provision bars Plaintiff from asserting pre-settlement facts in the present litigation. More to the point, for purposes of their Motion for Judgment on the Pleadings, Defendants claim that Plaintiff's recitation of facts set forth in the Complaint violates this term of the Settlement Agreement. And, without those facts, Defendants assert the Complaint fails to meet the pleading requirements in an antitrust case.[4]

Plaintiff disagrees, claiming that the Settlement Agreement does not bar Plaintiff from using facts in its new Complaint. In addition to opposing Defendants' motion,

---

[3]   This distinction separates this case from many of the cases Defendants rely on. *See Lansing v. Wells Fargo Bank, N.A.*, No. 15-3530 (MJD/JSM), 2016 WL 3406085 (D. Minn. June 17, 2016); *John v. MainGate, Inc.*, No. 13-1875 (SRN/JJK), 2013 WL 6119072 (D. Minn. Nov. 21, 2013).

[4]   As discussed at the Rule 26(f) conference and again at the motions hearing, one option for Defendants would have been to seek to reopen the earlier case for resolution of the contract dispute and, simultaneously, seek to stay this case. Defendants, however,

(Footnote continued on next page)

Plaintiff filed a Cross-Motion for Judgment on the Pleadings seeking dismissal of Defendants' breach-of-contract Counterclaim. In pursuing its cross-motion, Plaintiff argues that the term at issue in the Settlement Agreement cannot, as a matter of law, be interpreted as Defendants suggest. In Plaintiff's view, the prohibition against asserting past facts and conduct does not apply to new claims.

### A.     Standard of Review

Federal Rule of Civil Procedure 12(c) establishes that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002) (citing *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). When presented with a motion for judgment on the pleadings, a district court must "accept as true all factual allegations set out in the complaint" and "construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). The standard for judgment on the pleadings is the same as that for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

---

(Footnote continued from previous page)
elected to answer the Complaint and assert a Counterclaim for breach of contract in this new case.

> When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider "some materials that are part of the public record or do not contradict the complaint," as well as materials that are "necessarily embraced by the pleadings."

*Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citations omitted).

### B.   Defendants' Motion for Judgment on the Pleadings

The primary purpose of Rule 12(c) is to dispose of cases based on the underlying substantive merits of the parties' claims and defenses as they are revealed in the formal pleadings. Significantly, although Defendants rely on the Settlement Agreement to make their argument for why Plaintiff's Complaint should be dismissed, they do not seek judgment as a matter of law on their own Counterclaim for breach of contract. Rather, Defendants propose that Rule 12(c) be applied to dismiss Plaintiff's case by following four steps. They argue: (1) the Court should interpret the term-at-issue in the 2011 Settlement Agreement to mean that Plaintiff may not include certain facts or conduct that pre-date the settlement in its Complaint; (2) the Court should look to the Complaint to identify the facts and conduct that would violate the term as interpreted by Plaintiff, and strike those allegations from Plaintiff's Complaint; (3) the Court should then examine the judicially amended Complaint, after the stricken facts are removed; and (4) the Court should conclude that the Complaint, with the facts stricken, fails to meet the pleading standards for an antitrust claim as a matter of law.

Step one of Defendants' proposed analysis requires the Court to first interpret the Settlement Agreement to determine the meaning of the following term:

>Each of Plaintiff and the Plaintiff Released Parties further promises, covenants and _agrees not to_ sue, attempt to introduce as evidence, or _otherwise assert_ any of the Released Matters and/or _the underlying facts or conduct supporting the Released Matters_ against the Defendant or the Defendant Released Parties in any court, governmental or regulatory body or other proceedings.

(Doc. No. 50, Exhibit A ¶ 10 (emphasis added).)

A settlement agreement is a contract and it is interpreted in accordance with contract law. "The objective of judicial interpretation of disputed provisions of a contract is to ascertain and give effect to the parties' intention." _Midway Ctr. Assocs. v. Midway Ctr., Inc._, 306 Minn. 352, 237 N.W.2d 76, 78 (1975). Courts may ascertain the parties' intent "upon consideration of the agreement as a whole and the plain meaning of the language used, viewed in the light of the surrounding circumstances, endeavoring to arrive at what the parties must have reasonably contemplated." _Id._; _see also State ex rel. Humphrey v. Philip Morris USA, Inc._, 713 N.W.2d 350, 355 (Minn. 2006) ("Unambiguous language in the settlement agreement is to be given its plain and ordinary meaning . . . . In construing ambiguous contract language, we consider the contract as a whole in light of the circumstances surrounding its formation, and strive to arrive at the parties' real understanding."). Where the language of a contract is ambiguous, meaning it is reasonably susceptible of more than one meaning, extrinsic evidence may be used to interpret that language. _Housing & Redevel. Auth. v. Norman_, 696 N.W.2d 329, 337 (Minn. 2005).

Even if step one could be resolved in Defendants' favor, the second step of the analysis would require this Court to determine whether certain facts or conduct included

in the new Complaint were "underlying facts or conduct supporting the Released Matters

against the Defendant." (Doc. No. 50, Exhibit A ¶ 10.) This exercise—to compare the

facts or conduct supporting the Released matters with facts or conduct asserted in this

case—would take the Court well beyond the confines of the pleadings.[5] Comparisons

aside, according to Defendants, this step would require the Court to guess which undated

facts or conduct pre-dated the settlement and were used to support the claims in the prior

case.[6] Either of these processes, which would be required to establish a violation of the

---

[5]     The records review that would be required to determine what facts or conduct
supported the Released matters in the previous case does not resemble the cases cited by
Defendants where judicial records were consulted. *See Hatch v. TIG Ins. Co.*, 301 F.3d
915, 916 n.2 (8th Cir. 2002) (considering documents not attached to the pleadings
because the petition "*reference[d]* and relie[d]" upon such discrete documents (emphasis
added)); *see also Rollins v. City of Albert Lea*, 79 F. Supp. 3d 946, 953 n.3 (D. Minn.
2014) (considering documents attached to the Complaint).

[6]     Tellingly, while Defendants generally ask the Court to strike facts (allegedly)
barred by the Settlement Agreement, Defendants fail to provide the Court with a
complete list of the facts or conduct they believe should be stricken. The Court examined
this at the hearing:

> THE COURT:        I would like to go through the complaint with you --
>
> MR. ZWEIFACH:   Of course.
>
> THE COURT:        -- and to confirm with each of the paragraphs what you
> propose being stricken. I have looked at what you have laid out in the brief
> and just want to confirm that I understand what material you believe I need
> to take out.

(Doc. No. 82, 1/14/20 Hr'g Transcript ("Tr.") at 40.)

The Court identified the last sentence of paragraph 3 in the Complaint, the last
sentence of paragraph 31, and the full paragraphs 35, 42, and 43 as identified by
Defendants as clearly including pre-settlement facts. Even then, this examination did not

(Footnote continued on next page)

Settlement Agreement's term, which would then support striking facts from Plaintiff's Complaint, goes far beyond the scope of a Rule 12(c) analysis. The Court should not embark on an analytical journey that it cannot complete. Defendants ask too much of Rule 12(c) under the circumstances of this case. Therefore, this Court recommends denying Defendants Motion for Judgment on the Pleadings.[7]

### B.   Plaintiff's Cross-Motion for Judgment on the Pleadings

In addition to opposing Defendants' motion, Plaintiffs filed a Motion for Judgment on the Pleadings seeking dismissal of Defendants' counterclaim for breach of contract

---

(Footnote continued from previous page)
end the inquiry because Defendants' counsel suggested that the undated information on the one hand should be subject to this Court's scrutiny in this Rule 12(c) motion, and on the other hand would require assistance from Plaintiff's counsel to first identify which facts are pre-settlement and which facts are post-settlement:

> . . . I think if we are going through a complaint, some of which was clearly filed in breach of an agreement made in this court, and all of it's undated, then I would think they would have an obligation to point out other -- now that the ones that we've been able to find are dated and preceded, one would think that they would be obliged to be candid and say these other things are rooted in events before 2011.
>
> I think you could -- if you are of a mind to enforce the settlement agreement, then I think it's appropriate for the Court to get the assistance of the people who should know their case best to tell you what the dates are. I mean, if you're holding them to not breaching their agreement, then I think there's nothing inappropriate with the Court suggesting to the people making these allegations to tell us the dates.

(Tr. at 46.) Clearly, this judicial legwork is not contemplated by Rule 12(c).

[7]   This Court recommends allowing early summary-judgment motions on the breach-of-contract issues.

(i.e., breach of the Settlement Agreement). A settlement agreement is contractual in nature and "can be enforced by an ordinary action for breach of contract." *Mr. Steak, Inc. v. Sandquist Steaks, Inc.*, 309 Minn. 408, 245 N.W.2d 837, 838 (1976). A breach of contract claim requires "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011). For the same reasons discussed above regarding Defendant's Rule 12(c) motion, the Court recommends that Plaintiff's Rule 12(c) be denied.

### C.   Impact on Discovery and the Court's Scheduling Order

In denying the motions, this Court further recommends that the breach-of-contract issues be heard promptly, with a more developed record. This will help avoid repeat and potentially never-ending claims about the use of old facts in this new litigation. Therefore, a period of expedited discovery on the contract dispute should be followed by cross-motions for partial summary judgment.[8] The Court's schedule, if this Report and Recommendation is adopted, will ensure a process by which clarity in the interpretation of the disputed term of the Settlement Agreement and its application to Plaintiff's new antitrust claims will be determined consistent with Federal Rule Civil Procedure 1.[9]

---

[8]   In making its recommendations this Court is not taking any position regarding the scope of discovery. Scope of discovery, if disputed, should be addressed through non-dispositive motion practice.

[9]   The Pretrial Scheduling Order in place has set deadlines that are not stayed, and this Court does not recommend that they be stayed. The parties must diligently work to meet the deadlines and if modifications or extensions are sought, Local Rule 16.3 must be

(Footnote continued on next page)

**RECOMMENDATION**

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    Defendants' Motion for Judgment on the Pleadings (Doc. No. 46) be **DENIED**;

2.    Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 59) be **DENIED**; and

3.    The Pretrial Scheduling Order be amended to require that discovery on the breach-of-contract issues be completed no later than **June 1, 2020**, and that early dispositive motions on only the breach-of-contract issues be filed by **June 15, 2020**.[10]

Date:   March 9, 2020

s/ Becky R. Thorson
BECKY R. THORSON
United States Magistrate Judge

---

(Footnote continued from previous page)
followed, including the requirement that a hearing date be secured *before* the passing of the deadline that the party seeks to modify passes. D. Minn. LR 16.3 ("Except in extraordinary circumstances, before the passing of a deadline that a party moves to modify, the party must obtain a hearing date on the party's motion to modify the scheduling order."). The parties cannot assume that the pending Motions for Judgment on the Pleadings have stayed any of the applicable deadlines or obligations in the current Pretrial Scheduling Order.

[10]    The parties may not incorporate materials used to support or oppose the Motions for Judgment on the Pleadings but must instead present new papers when filing their motions for summary judgment.