# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| INSIGNIA SYSTEMS, INC., | ) |
| | ) Case No. 19-cv-1820 (MJD/BRT) |
| Plaintiff, | ) |
| | ) **DEFENDANTS' OBJECTION TO** |
| v. | ) **REPORT AND** |
| | ) **RECOMMENDATION FOR** |
| NEWS CORPORATION, NEWS AMERICA | ) **MOTION FOR JUDGMENT ON** |
| MARKETING FSI, L.L.C., and NEWS | ) **THE PLEADINGS** |
| AMERICA MARKETING IN-STORE | ) |
| SERVICES L.L.C., | ) |
| | ) |
| Defendants. | ) |

Defendants respectfully object to Magistrate Judge Thorson's Report and Recommendation (ECF 110) (the "R&R") that the Court deny Defendants Fed. R. Civ. P. 12(c) motion for judgment on the pleadings.

Defendants' motion asked the Court to enforce a 2011 settlement agreement (the "Settlement Agreement") entered in this very Court between these parties after 7 years of litigation, in which Plaintiff Insignia agreed that it would not "introduce as evidence or otherwise assert" the "underlying facts or conduct" that supported its prior claims in any future suit in any "court." Defendants seek review of Magistrate Judge Thorson's conclusion that Defendants' motion required the Court "to guess which undated facts or conduct pre-dated the settlement and were used to support the claims in the prior case." R&R 8.

As we explain below, that is not correct.

The only assertions that the Court need consider are found in the Complaint. Defendants identified for the Court those statements in the Complaint that had been previously asserted by Insignia in pleadings filed in support of claims in the prior suit, including the language, pleading, and docket number where the identical facts had been asserted. The Court can and should conclude that the inclusion of those statements in the new Complaint violated the Settlement Agreement.

The Settlement Agreement should be enforced now. By its terms, the Agreement applies to efforts not just to introduce into evidence but to "otherwise assert" the facts that underlay the claims released in 2011. Enforcing the Agreement would leave Insignia with a Complaint that fails to state a claim. Even if Insignia could file an amended complaint that did not rely on pre-2011 facts and conduct, granting Defendants' motion would focus discovery on events taking place in the last nine years, rather than re-litigating matters from 15-20 years ago that the parties, with the help of this Court, put to rest in 2011.

## BACKGROUND

In July 2019, Plaintiff Insignia Systems, Inc. filed this lawsuit claiming that Defendants News Corporation, News America Marketing FSI L.L.C., and News America Marketing In-Store Services L.L.C. (collectively, "Defendants") had monopolized the in-store advertising and promotional products markets. This is not the first antitrust suit involving Insignia and NAM. Starting in 2004, Insignia pursued a case that was not resolved until 2011, when the parties entered a comprehensive settlement with the assistance of Magistrate Judge Boylan. Insignia received a large settlement, and NAM received a *general release* and an explicit commitment that the same alleged facts

underlying every claim that was made or could have been made would not re-appear in a future case.

Insignia released all claims of any kind, asserted and unasserted, through the date of the 2011 Agreement. Insignia also agreed not to "attempt to introduce as evidence" or even to "otherwise assert" any of the "facts or conduct" that had formed the basis or underlay any of the released matters. Agreement ¶ 9. That prohibition applied to "any court," *id.*, including of course this one.

The Complaint filed in July 2019 made no reference to the Settlement Agreement or even the prior litigation, but that litigation played a critical albeit hidden role in the "new" Complaint; Insignia lifted critical factual assertions made in its pleadings in the prior litigation and repeated them in the July Complaint, serving as the very foundations of the purported antitrust claims. Because the 2011 Settlement Agreement was outside the pleadings when a response was due, Defendants answered and counterclaimed for breach, pleading that Insignia's Complaint "relies on decades-old allegations about NAM's conduct that Insignia released in 2011 and made a binding contractual commitment never again to re-assert in any future proceeding." Def.'s Counterclaims ¶ 1.

In October, Defendants filed a Motion for Judgment on the Pleadings (Def.'s Motion) pursuant to Fed. R. Civ. P. 12(c). Defendants argued that the Agreement barred Insignia from re-asserting the facts that had supported the claims released in 2011. Defendants pointed out that, other than recycling pre-2011 allegations, Insignia's Complaint contained only a handful of anecdotal allegations from 2018 and 2019 (and no other reference to post-release events).

3

Magistrate Judge Thorson held a hearing on the matter on January 14, 2020.

The Magistrate Judge denied Defendants' motion. The R&R construes Defendants' motion as requiring the Court to undertake a four-step process: "(1) the Court should interpret the term-at-issue in the 2011 Settlement Agreement to mean that Plaintiff may not include certain facts or conduct that pre-date the settlement in its Complaint; (2) the Court should look to the Complaint to identify the facts and conduct that would violate the term as interpreted by Plaintiff, and strike those allegations from Plaintiff's Complaint; (3) the Court should then examine the judicially amended Complaint, after the stricken facts are removed; and (4) the Court should conclude that the Complaint, with the facts stricken, fails to meet the pleading standards for an antitrust claim as a matter of law." R&R 6.

The parties and the Court at the hearing devoted significant attention to each element of the motion, including the terms of the Agreement, but the R&R addresses only the second step. The R&R concludes that even "if step one could be resolved in Defendants' favor, the second step of the analysis would require the Court to "embark on an analytical journey that it cannot complete," because it would require the Court "to guess which undated facts or conduct pre-dated the settlement and were used to support the claims in the prior case." *Id*. at 8-9. The R&R recommends "a period of expedited discovery on the contract dispute . . . followed by cross-motions for partial summary judgment" on the breach of contract issue. *Id*. at 10.

Discovery is not necessary to decide the motion, but Defendants do not challenge the R&R's recommendation of expedited discovery and an early summary judgment motion, and will comply with those directions pending this Court's review of this

4

Objection. We respectfully submit, however, that the Magistrate Judge erred in not recommending granting the motion. In light of the antitrust discovery burdens that the parties will continue to bear as a result of the R&R, we request that the Court address this objection at its earliest convenience.

## LEGAL STANDARD

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

After "the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002) (internal citations omitted). The standard of review for a judgment on the pleadings is "the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

## ARGUMENT

The R&R rests on the erroneous premise that the Court would be required to "guess" at the facts and conduct Insignia may not assert in this proceeding. R&R 8. That is not correct. The motion for judgment on the pleadings necessarily called into question only the assertions in the Complaint. Defendants identified several critical paragraphs in

5

Insignia's Complaint in which Insignia repeats alleged facts from 10-20 years ago that, pursuant to the 2011 Settlement Agreement, Insignia may not assert in this proceeding. Insignia did not bother with any unfamiliar facts or unasserted matters covered by the parties' general release, and instead brazenly re-cycled assertions that it had already marshaled in the pleadings in the case settled in 2011. The motion readily sources the allegations from the Complaint to pleadings filed by Insignia in this Court in the 2004-11 litigation. All that the Court is required to do is construe the 2011 Agreement and enforce it by dismissing the Complaint, which depends on the recycled allegations, and by requiring that any new complaint comply with the 2011 Settlement Agreement.

> **A. Federal Courts Should Not Hesitate to Resolve Meritless Antitrust Claims at the Pleading Stage.**

The Motion asks the Court to exercise its gatekeeper function in the setting of an antitrust case, which the United States Supreme Court has recognized imposes substantial burdens on the parties and the court.

*Bell Atlantic Corporation v. Twombly*—the case in which the Supreme Court made clear that factual "allegations must be enough to raise a right to relief above the speculative level"—was an antitrust case. And in light of *Twombly,* the Eighth Circuit has encouraged federal district courts to be "reasonably aggressive" in weeding out marginal antitrust cases because of the difficulty in controlling discovery. *See Insulate SB, Inc. v. Advanced Finishing Systems, Inc.*, 797 F.3d 538, 543 (8th Cir. 2015) ("dubious" antitrust cases that are allowed to proceed cause "unjustifiable harm to the defendant.")

Here, the Court has the opportunity not only to enforce an agreement that these parties reached to end one antitrust suit, but to dismiss a dubious case fueled by stale allegations that the parties expressly agreed not to recycle 9 years ago. At the very least, making clear now that Insignia may not rely on the pre-release facts and conduct that it previously marshalled will narrow the scope of discovery in this case.

### B. The Agreement Plainly Prohibits Insignia from Relying on Pre-Release Facts and Conduct.

The Court should resolve the question whether the Agreement bars Insignia from including pre-release facts in its Complaint, as a matter of law. *See Cromeans v. Morgan Keegan & Co.*, 859 F.3d 558, 569 (8th Cir. 2017) (affirming district court's construction of settlement agreement as a matter of Missouri law); *BancInsure, Inc. v. Marshall Bank, N.A.*, 453 F.3d 1073, 1075 (8th Cir. 2006) ("In Minnesota, contract interpretation is determined as a matter of law, and a contract's construction and effect are also questions of law, unless the contract terms are ambiguous.") (alterations and internal quotations omitted).

The Agreement releases all claims of any kind whatsoever, asserted or unasserted, through the date of the release ("Released Matters") and then states: "Each of Plaintiff and the Plaintiff Released Parties further promises, covenants, and agrees not to sue, attempt to introduce as evidence, or otherwise assert any of the Released Matters and/or the underlying facts or conduct supporting the Released Matters against the Defendant or the Defendant Released Parties in any court, governmental or regulatory body or other proceedings." Agreement ¶ 9. By its terms, the prohibition of Paragraph 9 applies not just

to all claims, but to any attempt to assert any and all facts or conduct underlying the released claims. When "sophisticated business entities who rely on experts to advise them" negotiate and agree to specific language, that language "is the best evidence of what those parties intended." *In re SRC Holding Corp.*, 545 F.3d 661, 668 (8th Cir. 2008).

The language in the Agreement is clear—any scrap of testimony or alleged fact or conduct that Insignia offered in support of the previously released claims may not serve as the premise of this lawsuit. Not as evidence, and not even in a pleading.

### C. The Court Erred by Refusing to Interpret the Unambiguous Text of the Agreement.

At argument, Magistrate Judge Thorson appeared to accept Defendants' argument that the Agreement's bar on asserting any "underlying facts or conduct supporting the Released Matters" extended to Insignia's pleadings here. *See* Arg. Tr. 52-53, 55-60. Nevertheless, the R&R does not reach the issue whether the Agreement prohibits Plaintiff from including such facts and conduct in the complaint. *See* R&R 6-7. Instead, the R&R declined to dismiss or even limit the scope of this case because doing so "would require this Court to determine whether certain facts or conduct included in the new Complaint were 'underlying facts or conduct supporting the Released Matters against the Defendants.'" *Id*. at 8. According to the R&R, the Court would be required "to guess which undated facts or conduct pre-dated the settlement and were used to support the claims in the prior case." The R&R concludes that exercise "would take the Court well beyond the confines of the pleadings." *Id*.

1. The roadblock that the R&R identified did not arise from the motion. There is no need for the Court to catalogue all "facts or conduct" from pre-2011 that, pursuant to the Agreement, cannot be re-asserted. The only issue before the Court is *whether the allegations in the Complaint that Defendants have already identified* represent alleged facts and conduct that the parties agreed in 2011 not to re-assert.

In the motion for judgment on the pleadings, Defendants demonstrated—in side by side tables that included citations to the docket of the prior case in this Court—the specific paragraphs of the Complaint that repeated testimony, assertions and alleged facts offered in support of the prior antitrust claims and that may not be asserted again in this or any other court. *See* Def.'s Motion 11-14. Far from requiring the Court "to guess which undated facts or conduct pre-dated the settlement," therefore, Defendants identified for the Court the relevant pre-2011 facts and pointed the Court to the pleadings from the prior suit, complete with quoted text, pleading name, and docket number, that asserted the identical facts now in the Complaint. Insignia has not disputed any of these citations to the court record, or the fact that the assertions in question were all made by Insignia long before 2011 in the earlier case and then used to support its claims in this case. Since Defendants clearly identified and sourced the only relevant pre-2011 facts that the Court needed to address in the Complaint, there was no need for the Court to "guess" about the scope of what was barred, or to decline to enforce the Agreement.

2. To the extent that the Court is concerned that there remain additional facts or conduct that Insignia may not assert under the Agreement, *see* R&R 8, n.6, Defendants cannot be faulted for failing to identify assertions that Insignia has not yet made, which

would also be barred or foreclosed by the 2011 Settlement Agreement. Once the Court makes clear that the Agreement bars Insignia from asserting any alleged facts and conduct underlying the broad antitrust claims released in 2011, all parties will be on notice. Defendants will remain on the lookout for instances in which Insignia asserts or otherwise relies on assertions made in support of the released claims, and Insignia will have a corresponding duty not to assert facts that Insignia knows that it previously asserted in the earlier litigation. On this motion, Insignia made the exercise straightforward, by simply re-asserting the same facts and conduct it had asserted in the pleadings of its earlier claim.

The Settlement Agreement by its terms created ongoing obligations, limiting not just evidentiary use but any assertion, and can be enforced if and when new assertions or uses are made. The fact that the Court cannot today bar every conceivable use does not mean it cannot address the only pleading before it.

The R&R expressed a desire to "avoid repeat and potentially never-ending claims about the use of old facts in this new litigation." R & R 10. The irony of the R&R is that the Court could have taken significant strides toward that goal by granting Defendants' motion.

3.  After recognizing that the Settlement Agreement bars Insignia from asserting the facts and conduct underlying its previously released claims, the Court should enforce the Agreement by dismissing the Complaint. The Court should not countenance Insignia's breach. That is particularly the case where, as here, Insignia's breach props up a Complaint that would not otherwise survive scrutiny. The Court has ample authority to strike or

10

disregard the recycled assertions and review whether what is left of the Complaint suffices to state a claim.[1]

In the motion and at the motions hearing, Defendants demonstrated that, when stripped of the recycled allegations from 15-20 years ago, the Complaint consists of allegations about classic vertical restraints involving a handful of retailers in 2018-19 (exclusivity arrangements, or staggered renewal dates) that do not, without significantly more, come close to stating an antitrust claim. *See, e.g.*, *Menasha Corp. v. News America*, 354 F.3d 661, 663 (7th Cir. 2004) ("staggered expiration dates make entry easier . . . [a rival] can sign up chains as their exclusives expire, without having to enroll the entire retail industry at one go"); *U.S. Healthcare, Inc. v. Healthsource, Inc.*, 986 F.2d 589, 594 (1st Cir. 1993) ("the law permits (or, more accurately, does not condemn per se) vertical exclusivity").

Insignia had argued that the pre-2011 allegations were merely context for the new claims, but when given the opportunity, Insignia declined to amend and attempt to plead a case based upon events taking place in the last decade. Insignia knows that the old recycled allegations are critical to the Complaint—they purport to establish the foundation of intent and an overall anticompetitive scheme.

---

[1] *See Lunsford v. United States*, 570 F.2d 221, 227 & n.11 (8th Cir. 1977) (court may strike an allegation notwithstanding that Answer has been filed).

This is precisely the sort of antitrust case that the Eighth Circuit has said should be weeded out prior to sending the parties to the "swamp" of antitrust discovery. *Insulate*, 797 F.3d at 543.

### D. Rule 12(c) is an Appropriate Vehicle to Enforce the 2011 Settlement Agreement.

To the extent that the R&R expresses concern that a Rule 12(c) motion is not the proper vehicle for relief here, *see* R&R 6, there is ample precedent to the contrary.

To begin with, Rule 12(c) is "particularly appropriate" where, as here, the central dispute turns on a party's duties under the correct interpretation of a contract. *VoiceAge Corp. v. RealNetworks, Inc.*, 926 F. Supp. 2d 524, 529 (S.D.N.Y. 2013); *see also Restaurant Recycling LLC v. Employer Mutual Casualty Co.*, 922 F.3d 414, 417 (8th Cir. 2019) (affirming district court's grant of judgment on the pleadings to defendant because provision in insurance policy foreclosed suit). The Agreement was not originally before the Court because the Complaint relied heavily on the record in the prior litigation but avoided mentioning the case or the commitments that Insignia had made in this Court. The Settlement Agreement was then explicitly referenced and relied upon in the Answer and Counterclaim now before the Court. Insignia does not deny the existence of the Agreement or its contents.

The R&R observed that comparing "facts or conduct supporting the Released matters with facts or conduct asserted in this case . . . would take the Court well beyond the confines of the pleadings." R&R 8. The pleadings that were before the Court were the Complaint and the Answer and Counterclaim, the latter of which contained ample

12

references to the previous litigation in this Court and the Settlement Agreement that barred re-cycling assertions made in that proceeding. Everything that the Court needs is contained in those pleadings. Insignia did not bother with facts that were covered by the parties' general release but were otherwise not well known to the parties; instead, Insignia simply repeated allegations and facts that had already been the subject of pleading, discovery and settlement. Defendants' motion sourced the assertions in the Complaint to the prior pleadings and docket numbers in this Court, and Insignia did not dispute either the contents of its prior pleadings or the fact that it repeated the same pre-2011 allegations in the Complaint.

In *Porous Media Corp. v. Pall Corp*, the Eighth Circuit made clear that, in considering a motion for judgment on the pleadings, a court "may consider some materials that are part of the public record or do not contradict the complaint" and "materials that are necessarily embraced by the pleadings." 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotation marks omitted). Surely the public record would reach to pleadings in this very Court, filed by this same plaintiff. It is simply incorrect to assert that Defendants are asking the Court to stray "well beyond the confines of the pleadings" or "guess which undated facts or conduct pre-dated the settlement." R&R 6.

The R&R raised a barrier not created by the motion or the record. The Court missed an important opportunity to fulfill the gatekeeper function mandated by the 8th Circuit and the United States Supreme Court.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court reject the Report and Recommendation, and grant Defendants' motion for judgment on the pleadings.

Respectfully submitted,

Dated: March 20, 2020

s/ Todd Wind
Todd Wind (#0196514)
Nicole M. Moen (#0329435)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Tel: 612.492.7000
Fax: 612.492.7077
twind@fredlaw.com
nmoen@fredlaw.com

William B. Michael (admitted *pro hac vice*)
NY Bar No. 4296356
**PAUL WEISS RIFKIND WHARTON & GARRISON**
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: 212.373.3648
Fax: 212.492.0648
wmichael@paulweiss.com

Kenneth A. Gallo (admitted *pro hac vice*)
NY Bar No. 4303369
Jane B. O'Brien (admitted *pro hac vice*)
NY Bar No. 4484457
Jeannie S. Rhee (admitted *pro hac vice*)
District of Columbia Bar No. 464127
**PAUL WEISS RIFKIND WHARTON & GARRISON**
Tel: 202.223.7356
Fax: 202.204.7356
kgallo@paulweiss.com
jobrien@paulweiss.com
jrhee@paulweiss.com


Gerson A. Zweifach (admitted *pro hac vice*)
District of Columbia Bar No. 349226
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Tel.: 202.434.5000
Fax: 202.434.5029
gzweifach@wc.com

*Attorneys for Defendants*

15