UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| INSIGNIA SYSTEMS, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>NEWS CORPORATION, NEWS AMERICA MARKETING FSI L.L.C., and NEWS AMERICA MARKETING IN-STORE SERVICES L.L.C.,<br><br>     Defendants. | Case No.: 19-cv-1820 MJD/BRT<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S LIMITED OBJECTION TO REPORT AND RECOMMENDATION FOR EXPEDITED DISCOVERY AND EARLY DISPOSITIVE MOTIONS ON BREACH-OF-CONTRACT ISSUES

Insignia does not object to the majority of Judge Thorson's well-reasoned Report and Recommendation ("R&R") denying both sides' motions for judgment on the pleadings. ECF No. 98 (sealed), 110 (unsealed). While Insignia maintains that Defendants' counterclaim and the arguments made in Defendants' Rule 12(c) motion are meritless, Insignia is content for resolution of these issues to await further discovery. However, there is one part of the R&R that Insignia would respectfully object to and ask be set aside for further consideration by Judge Thorson: the scheduling recommendation in Part C, Recommendation 3, and footnote 7 of the R&R concerning separate, early dispositive motions.

Here's the issue: the R&R, in addition to recommending denial of both sides' motions, also recommends ordering that "discovery on the breach-of-contract issues be

1

completed no later than June 1, 2020 and that early dispositive motions on only the breach-of-contract issues be filed by June 15, 2020." R&R at 11; *see generally* R&R Part C & Recommendation 3. Neither side had argued for a separate, early discovery deadline or summary judgment calendar for News's breach of contract counterclaim in briefing or arguing the motions at issue. And because News's counterclaim is about what "facts and conduct" may be asserted by Insignia on Insignia's own claims—as the R&R itself recognizes—it would make sense to wait until after discovery on those claims is complete for further dispositive motions to be filed. *See* R&R at 8 (resolving News's counterclaim requires court "to compare the facts or conduct supporting the Released matters with facts or conduct asserted in this case."). That way, the Court can review News's counterclaim with a full picture of the facts and conduct Insignia plans to present at trial. That makes particular sense in this case, because the settlement agreement underlying News's counterclaim has to be narrowly construed, and analyzed with the strong public policy favoring Insignia's enforcement of the antitrust laws.

A single round of summary judgment motions would also be consistent with this Court's normal practice of permitting only one round of summary judgment briefing on all claims at the close of all discovery. In fact, all indications are that permitting serial motions in this case would be even *less* efficient than usual. For example, notwithstanding the fact that the R&R explicitly did "not tak[e] any position regarding the scope of discovery," *see* R&R at 10 n.8, News has already invoked the R&R while negotiating an amended schedule to seek to bifurcate discovery and effectively grant itself the staged discovery that Judge Thorson has repeatedly denied throughout the proceedings. Adopting the expedited-

discovery and early-summary-judgment portion of the R&R would allow News to resist the full and appropriate scope of discovery until the breach-of-contract issues are resolved, and needlessly delay the resolution of this case. Respectfully, the fair and efficient way to ensure that both sides' claims "will be determined consistent with Federal Rule Civil Procedure 1," R&R at 10, is to permit only one round of summary judgment practice following the completion of discovery into all claims at issue.

A separate, early, round of summary judgment motion practice, before the record is complete, would not be workable, will likely just add delay and be wasteful, and would prejudice Insignia. For these reasons, we would respectfully request that the Court adopt the R&R except for the scheduling recommendation in Part C, Recommendation 3, and footnote 7.

Now, as it turns out, that scheduling recommendation in the R&R may need to be revisited anyway. Since issuing the R&R, Judge Thorson temporarily adjourned all deadlines in the current Pretrial Scheduling Order while the parties work to negotiate an amended schedule. ECF No. 104. Because the case schedule is currently under re-negotiation by the parties with Judge Thorson's supervision, it is not clear whether Part C and Recommendation 3 of the R&R would have any practical import going forward, even if adopted by this Court. Insignia recognizes that arguments about the schedule are more appropriately addressed to Judge Thorson in the first instance. Insignia did not previously have the opportunity to brief these issues before the Judge Thorson, however, because News never requested the expedited discovery and early summary judgment process recommended in the R&R. For these reasons, Insignia also files this limited objection to

Part C, Recommendation 3, and footnote 7 of the R&R in an abundance of caution to ensure that, in the course of negotiating and presenting a proposed amended schedule to Judge Thorson, Insignia reserves its right to oppose creating a different "track" for breach-of-contract issues and, at least, its right to oppose the specific deadlines for expedited discovery and early summary judgment motions proposed in the R&R.

Dated: March 23, 2020

Respectfully submitted,

*s/ S. Jamal Faleel*
Jerry W. Blackwell (MN Bar No. 186867)
S. Jamal Faleel (MN Bar No. 320626)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 5 5415
Tel: 612-343-3200
Fax: 612-343-3205
blackwell@blackwellburke.com
jfaleel@blackwellburke.com

William Christopher Carmody (*pro hac vice*)
New York Bar No. 4539276
Arun Subramanian (*pro hac vice*)
New York Bar No. 4611869
Mark Musico (*pro hac vice*)
New York Bar No. 5238001
Y. Gloria Park (*pro hac vice*)
New York Bar No.: 5477047
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 336-3330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
asubramanian@susmangodfrey.com
mmusico@susmangodfrey.com
gpark@susmangodfrey.com

Alejandra C. Salinas (*pro hac vice*)
Texas Bar No. 24102452
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
asalinas@susmangodfrey.com

Hunter Shkolnik (*pro hac vice*)
NAPOLI SHKOLNIK PLLC
360 Lexington Avenue, 11th Floor
New York, New York 10017
Telephone: (212) 397-1000
hunter@napolilaw.com

*Attorneys for Insignia Systems, Inc.*