UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Insignia Systems, Inc.,                            Civ. No. 19-1820 (MJD/BRT)

            Plaintiff,

v.                                                        **ORDER**

News Corporation, News America
Marketing FSI L.L.C., and News America
Marketing In-Store Services L.L.C.,

            Defendants.

Alejandra Salinas, Esq., Arun S. Subramanian, Esq., Gloria Park, Esq., Mark Musico, Esq., William Christopher Carmody, Esq., Susman Godfrey LLP; Hunter J. Shkolnik, Esq., Napoli Shkolnik PLLC; Jerry W. Blackwell, Esq., S. Jamal Faleel, Esq., Blackwell Burke PA, counsel for Plaintiff.

Gerson Avery Zweifach, Esq., Williams & Connolly LLP; Jane B. O'Brien, Esq., Jeannie S. Rhee, Esq., Kenneth A. Gallo, Esq., William Michael, Esq., Heather Milligan, Esq., Paul, Weiss, Rifkind, Wharton & Garrison LLP; Nicole M. Moen, Esq., Todd A. Wind, Esq., Fredrikson & Byron, PA, counsel for Defendants.

This matter is before the Court on Plaintiff's Motion to Compel Production of Documents. (Doc. No. 86, Mot. to Compel.) Defendants oppose Plaintiff's Motion. (*See* Doc. No. 94, Defs.' Resp.) This discovery dispute concerns Defendants' response to a single interrogatory: Insignia's RFP #1: All Documents produced in *Valassis Communications, Inc. v. News Corp., et al.*, Cause No. 17-CV-7378 (PKC ) (S.D.N.Y.). Plaintiff argues that the *Valassis* production is centrally relevant to Plaintiff's claims and defenses because both cases involve alleged monopolization and exclusive dealing and both cases involve the same relevant product market (ISPs) and relevant geographic

market (nationwide). (*See* Doc. No. 87, Pl.'s Mem.) In their opposition papers, Defendants confirmed that they are producing a subset of the documents sought; however, Defendants maintain their objections to the production of any pre-2014 documents and third-party documents from the *Valassis* litigation. (*See* Defs.' Resp. 1–3.) Thus, the remaining discovery dispute in Plaintiff's Motion to Compel is whether Defendants should be compelled to reproduce pre-2014 documents and all documents produced by third parties from the *Valassis* case. Defendants object on several grounds. First, they argue that the pre-2014 documents are not relevant or proportional to this case pursuant to the Federal Rules of Civil Procedure. (*Id.* at 7–11.) Further, they argue that the protective order in *Valassis* bars the production, as requested, including the production of third-party discovery produced pursuant to Rule 45 subpoenas in the *Valassis* case.[1] (*Id.* at 11–12.)

>Federal Rule of Civil Procedure 26 (b)(1) provides that:

>[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

>Plaintiff seeks a copy of all documents produced in *Valassis*, arguing the

---

[1] According to Defendants, they created a "work around" in the *Valassis* protective order for the subset production by reprocessing their source documents with new Bates numbers instead of producing clone copies.

production should yield a "treasure trove" of relevant documents." (Pl.'s Mem. 2.) Defendants argue that the pre-2014 documents have no relevance in light of a 2011 Settlement Agreement[2] and that the burden of producing them is not proportional. (Defs.' Resp. 1–3.) It is undisputed that the remaining documents produced in *Valassis* exceed 11 million in number, including documents produced by 46 third parties. (*See* Doc. No. 95, O'Brian Decl. ¶¶ 11, 12.) Importantly, the request at issue seeks "clone" discovery for all of the documents produced in a different case. As discussed in *Goro v. Flowers Foods, Inc.*, "[t]here could be a number of reasons why documents appropriately requested and provided in another case—even if the subject matter of those cases seem to overlap— would be irrelevant or burdensome to provide in another case. If relevant and proportional documents exist in the custody or control of the responding party, the appropriate thing to do is to request those documents." No. 17-cv-02580-JLS-JLB, 2019 WL 6252499, at *18–19 (S.D. Cal. Nov. 22, 2019). This Court agrees that Plaintiff has not shown that all of the 11 million-plus clone documents are relevant and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden

---

[2]  The February 11, 2011 Settlement Agreement between Insignia Systems, Inc., News Corporation, and News America Marketing In-Store, Inc., among others, resolved an earlier filed case – *Insignia Sys., Inc. v. News Corp., Ltd.*, No. 04-cv-4213 (JRT/AJB). Defendants claim that the Settlement Agreement should be interpreted to support dismissal of this case pursuant to Rule 12(c). Defendants also claim that the Settlement Agreement should be interpreted to limit discovery. The Court, however, has not yet interpreted the applicable provision of the Settlement Agreement.

or expense of the proposed discovery outweighs its likely benefit.[3] *See* Fed. R. Civ. P. 26(b)(1); *see also Haddley v. Next Chapter Tech., Inc.*, No. 16-cv-1960 (DWF/LIB), 2018 WL 2180253 (D. Minn. Mar. 23, 2018). Accordingly, this Court will not require the wholesale production of the remaining clone discovery from the *Valassis* litigation.[4] To the extent Plaintiff seeks pre-2014 documents or third-party documents, Plaintiff may serve tailored document requests or Rule 45 subpoenas.

Accordingly, Plaintiff's Motion to Compel (Doc. No. 86) is **DENIED**.

Date:   March 24, 2020

> *s/ Becky R. Thorson*
> BECKY R. THORSON
> United States Magistrate Judge

---

[3]   Defendants' burden was sufficiently quantified in the O'Brien Declaration due to the sheer number of documents at issue. *See Vallejo v. Amgen*, 903 F.3d 733 (8th Cir. 2018).

[4]   As this Court noted in footnote 8 of its recent Report and Recommendation, it has not yet taken any position regarding the scope of discovery. This Court's denial of the remaining cloned *Valassis* discovery should not be interpreted to mean that a cut-off date for discovery has been established by this Court. If Plaintiff has reached the limit for the number of document requests permitted pursuant to the Pretrial Scheduling Order, or will exceed those limits, the Court will entertain requests to increase the limits to facilitate this process.