

March 31, 2020

**VIA ECF**

The Honorable Becky R. Thorson
United States Magistrate Judge
United States District Court
646 Federal Building
316 North Robert Street
St. Paul, MN 55101
thorson_chambers@mnd.uscourts.gov

Re:     *Insignia Systems, Inc.* v. *News Corporation*, Court File No. 19-cv-01820-MJD-BRT

Dear Magistrate Judge Thorson:

This letter provides an update on the status of discovery, provides the rationale for Defendants' proposed extension, and addresses certain of Insignia's proposed changes.

**Discovery Update:**  Defendants' vendors were recently required to transition to a remote work environment due to the COVID-19 situation, which had an impact on the timing of document review and production.  Nevertheless, Defendants have produced over 3.1 million pages in total (3,128,753 pages).  This total includes 3,092,802 pages from the post-2014 *Valassis* production and approximately 35,951 pages of contract documents.  Defendants anticipate completing production of the contract documents in the next few weeks.  To date, Insignia has produced only 2,132 pages in total.

Meanwhile, the parties are negotiating search terms for documents to be collected and reviewed from specific custodians.  Defendants provided Insignia with an updated proposed list of search terms on March 18, 2020.  As of the date of this letter, Insignia has not yet provided a response to Defendants' proposed search terms.  Once the agreed-upon search terms are finalized, and assuming areas of disagreement remain, Defendants would support both sides pursuing IDR regarding the disputed custodian and search term issues at that time.

**Length of Defendants' Proposed Extension:**  Defendants propose a six-month extension for most deadlines, but the length of time necessary to complete discovery will necessarily be a

function of the scope of any case that survives the early summary judgment motion contemplated by the Report and Recommendation.  As the record already reflects, the document production to date from Insignia slightly exceeds 2,000 pages, the document production to date from Defendants that relates to contracts with retailers approximates 36,000 pages, but the document production from the *Valassis* litigation is already in excess of 3 million pages.  If the parties are going to be revisiting matters from their 2004-11 litigation, it is highly unlikely that discovery will be completed with a six-month extension.

**Expedited Discovery:**  Defendants agree that, in the absence of a finding that Plaintiff is barred from asserting all facts underlying the released matters, expedited discovery and early motions for summary judgment related to the counterclaim are appropriate for the reasons stated in the R&R.  The Court has broad discretion over how to phase discovery, and district courts routinely invite targeted discovery and an early summary judgment motion as a case management tool.  *See Hill v. Southwestern Energy Co.*, 858 F.3d 481, 484-485 (8th Cir. 2017) (affirming district court's decision to order and limit phased discovery explaining a "district court must be allowed the discretion to limit the scope of discovery to what the court perceived were the central issues").  Defendants suggest increasing the number of interrogatories, document requests, and requests for admission by 10 each to facilitate expedited discovery.  As demonstrated by the significant document production already made and the additional rolling productions that are proposed, Defendants do not intend to cease or stall discovery on the other issues.

**Monthly Status Conferences:**  Defendants respectfully suggest that status conferences would be more productive after the parties have completed production of the contract documents and addressed custodian and search term disputes through the IDR process.  If the Court believes a telephonic status conference would be helpful now, Defendants would be happy to participate.

**Modifications to the IDR Process:**  Defendants strongly oppose any changes to the Court's existing discovery dispute and IDR process.  The existing discovery dispute and IDR process provide options to the parties that appropriately and fairly balance efficiency and due process.

Defendants would be happy to provide additional information, analysis, and/or authority on any issues related to discovery and/or the proposed deadlines, if it would be helpful to the Court.

Sincerely,

*s/ Todd Wind*

Todd Wind
**Direct Dial:**  612.492.7046
**Email:**  twind@fredlaw.com