

S. Jamal Faleel
Direct Dial: 612.343.3238
E-Mail: jfaleel@blackwellburke.com

**Via ECF**
March 31, 2020

The Honorable Becky R. Thorson, United States Magistrate Judge
United States District Court, Warren E. Burger Federal Building
316 North Robert Street, St. Paul, MN 55101

Re: *Insignia Systems, Inc.* v. *News Corporation, et al.*, No. 19-cv-01820 (MJD/BRT)

Dear Judge Thorson:

Plaintiff writes to explain its position on the parties' proposed amendments to the scheduling order, and to confirm there is good cause for Plaintiff's proposals. Counsel is available for a teleconference at the Court's convenience to discuss the parties' proposals.

**Expedited Discovery & Early Dispositive Motions.** Plaintiff would appreciate an opportunity to be heard on the issue of expedited discovery and early summary judgment motions on breach of contract issues. Defendants never requested such relief and the issue has not been briefed before Your Honor. Plaintiff filed a limited objection to the Court's recent Report and Recommendation ("R&R") on this issue. *See* Dkt. 112.

Respectfully, the Court should allow discovery on all issues to proceed on the same schedule, and permit only one round of summary judgment practice following the completion of discovery into all claims, consistent with Judge Davis's standard practices. Because News's counterclaim is about what "facts or conduct" may be asserted by Insignia on Insignia's own claims, R&R at 8, the Court should wait until after discovery on those claims is complete for further dispositive motions to be filed. That way, the Court can review News's counterclaim with a full picture of the facts and conduct Insignia plans to present at trial. And because the dispute about the prior settlement agreement is really about what evidence Insignia will be allowed to introduce or assert against News at trial, these issues will most appropriately be resolved through motions *in limine*—not through summary judgment motions, let alone *early* ones.

As is apparent from News's proposed schedule—cramming breach of contract discovery into the next two months, while agreeing that a six-month extension to the overall schedule is needed—News is trying to resist the full and appropriate scope of discovery until the breach-of-contract issues are resolved. But Your Honor long ago observed that,

whatever applicability the parties' prior settlement agreement may have to this case, that agreement says *nothing* about the proper scope of discovery.

There is also no reason to put the parties to the burden of negotiating 30(b)(6) topics and preparing 30(b)(6) witnesses *twice*. News's request is emblematic of why "expedited" discovery into breach of contract issues will not advance the efficient resolution of this case. Neither is there a reason to burden the parties with the tight turnaround time on discovery requests proposed by Defendants, inconsistent with the federal rules. At minimum, the timeline proposed by News for expedited discovery is not feasible.

The COVID-19 situation further militates in favor of simply letting discovery proceed in the normal course. There is plenty of paper discovery on both sides' claims that can proceed while "social distancing" is recommended, with depositions on all claims to follow in regular order. Hopefully, by that point, neither side will be prejudiced in their ability to meet with and prepare their clients adequately for depositions. While Insignia recognizes that unusual accommodations have been useful in some cases, and may become necessary in this case if the current situation persists, there is no reason to "rush" into depositions in this case when paper discovery is just getting off the ground.

**Status Conferences.** Insignia proposes monthly status conferences in light of Your Honor's comments at the March 9 conference encouraging this sort of regular "check-in." Given the number of discovery disputes that have already arisen, Insignia believes that such conferences will be useful to keep the Court apprised of discovery issues and to keep discovery on schedule. Additionally, in counsel's experience, such regular check-ins encourage the parties to resolve their disputes *before* they end up on the Court's desk.

**Modifications to IDR Process.** Insignia has proposed a streamlined procedure for IDR. Indicative of the need for Insignia's proposal is the parties' pending dispute about certain search terms/custodians to which News has refused to agree. Insignia tried to initiate the IDR process concerning these issues on March 2. News *agrees* that the dispute is amenable to IDR, but has refused to initiate the process until after Insignia responds regarding certain terms that News asked Insignia to run on March 18. Insignia has not yet been able to respond, not least because Insignia is in the process of obtaining hit counts to assess the reasonableness of News's recent proposal. In the meantime, it is unreasonable for News to hold up the IDR process as to issues Insignia raised that have been ripe for weeks. And News's conduct is contrary to Your Honor's instructions that both sides should bring discovery disputes to the Court promptly as they arise. Insignia's proposed streamlined IDR procedure would prevent issues like this from dragging on for weeks on end and, instead, have most disputes addressed within about one week.

**Expert Discovery.** News's proposal for expert discovery would prejudice Insignia, leaving minimal time to prepare opening expert reports after the close of fact discovery,



to depose rebuttal experts after their reports are served, and to file *Daubert* motions after the close of expert discovery, while allocating two full months for rebuttal expert reports (presumably because News anticipates it will primarily be submitting rebuttal expert reports). Insignia's proposal fairly spaces expert discovery so that both sides have adequate time to submit expert reports, depose experts, and prepare *Daubert* motions.

Sincerely,

*s/ S. Jamal Faleel*

S. Jamal Faleel

