# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| INSIGNIA SYSTEMS, INC., | Case No. 19-cv-1820 (MJD/BRT) |
| Plaintiff, | |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION** |
| NEWS CORPORATION, NEWS AMERICA MARKETING FSI, L.L.C., and NEWS AMERICA MARKETING IN-STORE SERVICES L.L.C., | |
| Defendants. | |

Defendants addressed the context of the Magistrate Judge's Report and Recommendation ("R&R") in the Objection filed to the portion of the R&R recommending denial of Defendants' Rule 12(c) motion (Dkt. 111). As Defendants' Objection demonstrates, the Court can and should enforce the 2011 Settlement Agreement as a matter of law, without need for discovery. The R&R recommended denying the motion, but the Magistrate Judge recognized the potential significance of the 2011 Settlement Agreement by recommending expedited discovery and an early summary judgment motion on this issue. Insignia has responded to Defendants' Objection by challenging the portion of the R&R recommending expedited discovery and an early summary judgment motion.

None of the arguments in Insignia's makeweight Objection ("IO") has any merit.

First, Insignia argues that accelerated discovery on the applicability of the 2011 Settlement Agreement to this case is not warranted because "[n]either side had argued" for this remedy. IO 2. Of course neither party "argued" for accelerated discovery—that's

because *both* parties maintained that the Settlement Agreement should be construed and judgment entered as a matter of law. Consistent with Eighth Circuit guidance, Defendants sought to enforce the Settlement Agreement and to dismiss the Complaint, and thereby avoid the burdens of antitrust discovery in this dubious case. *See Insulate SB, Inc. v. Advanced Finishing Systems, Inc.*, 797 F.3d 538, 543 (8th Cir. 2015). For its part, Insignia filed its own cross-motion for Judgment on the Pleadings in which it too took the position that the Settlement Agreement can be construed and judgment entered as a matter of law. Dkt. 59, 61. Having recommended against dismissal of the Complaint (wrongly, as Defendants maintain in their Objection) and the Counterclaim (seeking enforcement of the 2011 Agreement), the Magistrate Judge's recommendation of expedited discovery and an early summary judgment procedure provides a path for the 2011 Agreement to be enforced before Defendants are forced to assume the full burden of discovery regarding decades-old allegations that Insignia is barred from even asserting as a matter of law. The assertion that "neither side" asked for this relief tells the Court nothing about the origins of the R&R.

Second, Insignia posits that, because Defendants' Motion raises the issue of what alleged "facts and conduct" from the 2004-11 litigation may be asserted anew in this case, "it would make sense to wait until after discovery on those claims is complete" before entertaining a dispositive motion. IO 2. That is a *non sequitur*—Defendants' Motion to enforce the 2011 Settlement Agreement offers the opportunity to eliminate all or at least some of the discovery burden of this case. Deferring that relief until after all the burden has been imposed defeats the purpose of a dispositive motion and contravenes the guidance from the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("[i]t

is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive") (internal citation omitted), and the Eighth Circuit in *Insulate SB*, 797 F.3d at 543 ("Given the unusually high cost of discovery in antitrust cases, the limited success of judicial supervision in checking discovery abuse, and the threat that discovery expense will push cost-conscious defendants to settle even anemic cases, the federal courts have been reasonably aggressive in weeding out meritless antitrust claims at the pleading stage.") (internal quotation marks and alterations omitted).

Insignia asserts that the Federal Rules do not explicitly provide for early summary judgment motions based on expedited discovery of a particular issue. IO 3. The suggestion that the Court lacks authority to accelerate targeted discovery and to invite an early summary judgment motion is not a serious legal argument. *See Hill v. Southwestern Energy Co.*, 858 F.3d 481, 484-85 (8th Cir. 2017) (affirming district court's decision to order and limit phased discovery explaining a "district court must be allowed the discretion to limit the scope of discovery to what the court perceived were the central issues"); *Mariner Energy, Inc. v. Devon Energy Production Co.*, 690 F. Supp. 2d 558, 568 (S.D. Tex. 2010) (describing the "first phase" of the litigation where "the parties conducted targeted discovery and filed motions for partial summary judgment" asking the court to interpret an agreement); *Barrera v. Boughton*, No. 3:07-cv-1436, 2010 WL 3926070, at *3 (D. Conn. 2010) (ordering "a phased approach to ESI discovery"); *cf. Robinson v. Potter*, 453 F.3d 990, 994-995 (8th Cir. 2006) ("We review" a district court's "discovery rulings

in a manner both narrow and deferential and reversal is only warranted if an erroneous ruling amounted to a gross abuse of discretion.") (internal quotation marks omitted).

Finally, Insignia argues that Defendants have already granted themselves a phasing of discovery, and somehow this means the Magistrate Judge should not have recommended accelerated discovery on a potentially dispositive legal issue. IO 2-3. Insignia's premise is demonstrably false. As the Magistrate Judge directed, the parties have proceeded with discovery on Insignia's claims, or at least Defendants have; Defendants have already produced 3,128,753 pages of documents, while Insignia has produced 2,132 pages. Here, as throughout, Insignia's Objection serves only as a distraction, purporting to challenge a discovery management issue properly committed to, as Insignia itself acknowledges, the discretion of the Magistrate Judge. IO 3 ("Insignia recognizes that arguments about the schedule are more appropriately addressed to Judge Thorson in the first instance.").

We respectfully submit that the Court should decide each Objection on its individual merits. As Defendants' Objection makes clear, Defendants raise a question of law, and take issue with whether discovery is necessary to enforce the 2011 Settlement Agreement; for its part, Insignia offers no serious argument to challenge the recommendation that any such discovery should be accelerated and focused on the application of the 2011 Settlement Agreement, to allow for the early filing of a summary judgment motion. If the Court finds that it needs to reach Insignia's Objection, it should be overruled.

4

Dated: April 3, 2020                    Respectfully submitted,


                                              s/ Todd Wind
Todd Wind (#0196514)
Nicole M. Moen (#0329435)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Tel:   612.492.7000
Fax:  612.492.7077
twind@fredlaw.com
nmoen@fredlaw.com


William B. Michael (admitted *pro hac vice*)
NY Bar No. 4296356
**PAUL WEISS RIFKIND WHARTON & GARRISON**
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:   212.373.3648
Fax:  212.492.0648
wmichael@paulweiss.com


Kenneth A. Gallo (admitted *pro hac vice*)
NY Bar No. 4303369
Jane B. O'Brien (admitted *pro hac vice*)
NY Bar No. 4484457
Jeannie S. Rhee (admitted *pro hac vice*)
District of Columbia Bar No. 464127
**PAUL WEISS RIFKIND WHARTON & GARRISON**
Tel:   202.223.7356
Fax:  202.204.7356
kgallo@paulweiss.com
jobrien@paulweiss.com
jrhee@paulweiss.com

Gerson A. Zweifach (admitted *pro hac vice*)
District of Columbia Bar No. 349226
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Tel.: 202.434.5000
Fax: 202.434.5029
gzweifach@wc.com

*Attorneys for Defendants*