UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Insignia Systems, Inc., | Civ. No. 19-1820 (MJD/BRT) |
| Plaintiff, | |
| v. | |
| News Corporation, News America Marketing FSI L.L.C., and News America Marketing In-Store Services L.L.C., | **SECOND ORDER AMENDING FIRST AMENDED PRETRIAL SCHEDULING ORDER** |
| Defendants. | |

This Second Order Amending First Amended Pretrial Scheduling Order addresses (A) the parties dispute regarding the schedule for the completion of the production of documents responsive to the agreed-upon search terms; and (B) the Court's decision on the dispute heard via the IDR process and the schedule for the additional discovery permitted.

**A.     Schedule for the Completion of the Production of Documents Responsive to the Agreed-Upon Search Terms**

This Court issued an Order Amending First Amended Pretrial Scheduling Order on May 4, 2020 as follows:

**DEADLINES FOR OTHER FACT DISCOVERY**

(b)     The parties proposed that the Court enter an order regarding the date for the first production of documents responsive to negotiated search terms, but they disagreed on what that date should be. The Court hereby sets a **May 15, 2020** deadline for the first production of documents responsive to agreed-upon search terms.

> The parties must meet and confer to attempt to agree on the schedule for the completion of the production of documents responsive to the agreed-upon search terms in advance of this Court's **May 6, 2020** Status Call.

(Doc. No. 140.)

With regard to the agreed-upon search terms, Defendants had already agreed to produce all documents responsive to the agreed upon search terms that were not "hit on the privilege screen" by May 15, 2020. To the extent those documents were not produced by May 15, 2020, they must be produced no later than **June 1, 2020**.

Defendants estimate that approximately 300,000 documents would be "hit on the privilege screen." These documents would be withheld for further attorney review to confirm they are not privileged or protected by the work product doctrine. The parties disagree on the schedule for Defendants' review of these documents (for subsequent production or listing on a privilege log). The parties presented their competing proposals for the "hit on" documents orally and by email. The Court does not adopt either proposal. This Second Order Amending First Amended Pretrial Scheduling Order clarifies the schedule required for further review of the "hit on" documents.

**IT IS HEREBY ORDERED that**:

1. Defendants must immediately divide the documents "hit on the privilege screen" into four groups: Group 1, Group 2, Group 3, and Group 4.

2. Defendants must not place documents into Groups 3 or 4 because the screen or other preliminary review suggests certain documents screened are more likely to privileged or protected. This provision is not included to suggest in any way that Defendants or their counsel would do anything improper. Instead, this provision is to help

ensure that privilege logs will be prepared and produced with the early Groups for timely review by Plaintiff's counsel.

3. Group 1 documents must be reviewed and non-privileged, non-work product protected documents within this Group must be produced by **June 22, 2020**. A privilege log listing any document withheld from this Group must be produced **July 6, 2020**.

4. Group 2 documents must be reviewed and non-privileged, non-work product protected documents within this Group must be produced by **July 15, 2020**. A privilege log listing any document withheld from this Group must be produced **July 31, 2020**.

5. Group 3 documents must be reviewed and non-privileged, non-work product protected documents within this Group must be produced by **August 17, 2020**. A privilege log listing any document withheld form this Group must be produced **August 28, 2020**.

6. Group 4 documents must be reviewed and non-privileged, non-work product protected documents within this Group must be produced by **September 16, 2020**. A privilege log listing any document withheld form this Group must be produced **September 30, 2020**.

7. If Plaintiff challenges the adequacy of any privilege log produced, counsel must notify Defendants no later than 14 days after the production of a privilege log. The parties must meet and confer no later than 7 days after counsel's notification. If any issues remain, any motions to compel the production of documents lists on a privilege log

must be filed in accordance with Local Rule 7.1. IDR will not be considered if privilege or work product protection is the underlying issue. This schedule applies to each privilege log produced.

### B.  IDR Decision and Production Schedule on Documents

The Court heard the parties' dispute over custodians and additional search terms. The parties agreed to utilize the IDR process and they also agreed that this Court's IDR decision may not be appealed. After considering the parties' letter submissions and arguments, the Court permits Plaintiff one additional custodian and one additional search term ("attribute* w/5 test"). Plaintiff may select either Henri Lellouche or Peter Moustakerski as the additional custodian. Plaintiff must make this election by 5:00 p.m. May 22, 2020. The Court will set the schedule for the production of any additional documents to be produced pursuant to this IDR order in an amended scheduling order.

The other requests for custodians and other additional search terms are denied.

This Second Order also sets the schedule for the production of any additional documents collected from the single additional custodian and additional search term.

**IT IS HEREBY FURTHER ORDERED that**:

1.  Plaintiff must make their custodian selection no later than **5:00 p.m. May 22, 2020**, by filing a letter identifying Plaintiff's selection.

2.  The additional documents to be collected and produced by the Defendants subject to the IDR order will be called the Group 5 documents. Group 5 documents that do not hit on the screen for further privilege or work product protection must be produced no later than **July 1, 2020**. Any withheld documents in Group 5 must be reviewed and

non-privileged, non-work product protected documents within this Group must be produced no later than **July 15, 2020**. A privilege log listing any document withheld from the Group 5 production must be produced **August 30, 2020**.

To the extent they do not conflict with this Order, all other applicable deadlines and requirements set forth in the Court's Pretrial Scheduling Orders (Doc. Nos. 36, 122, and 140) remain in full force and effect.

Date:  May 19, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge
