UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Insignia Systems, Inc.,                                   Civ. No. 19-1820 (MJD/BRT)

          Plaintiff,

v.

News Corporation, News America                            **ORDER**
Marketing FSI L.L.C., and News America
Marketing In-Store Services L.L.C.,

          Defendants.

Alejandra Salinas, Esq., Arun S. Subramanian, Esq., Gloria Park, Esq., Mark Musico, Esq., and William Christopher Carmody, Esq., Susman Godfrey LLP; Hunter J. Shkolnik, Esq., Napoli Shkolnik PLLC; Jerry W. Blackwell, Esq., and S. Jamal Faleel, Esq., Blackwell Burke PA, counsel for Plaintiff.

Gerson Avery Zweifach, Esq., Williams & Connolly LLP; Jane B. O'Brien, Esq., Jeannie S. Rhee, Esq., Kenneth A. Gallo, Esq., William Michael, Esq., and Heather Milligan, Esq., Paul, Weiss, Rifkind, Wharton & Garrison LLP; Nicole M. Moen, Esq., Rachel Dougherty, Esq., Timothy M. O'Shea, Esq., and Todd A. Wind, Esq., Fredrikson & Byron, PA, counsel for Defendants.

This matter is before the Court on Defendants' Motion for a Protective Order Regarding Plaintiff's Subpoenas. (Doc. No. 128, Mot. to Compel.) Plaintiff opposes Defendants' Motion. (*See* Doc. No. 136, Pl.'s Mem. of Law in Opp'n ("Pl.'s Opp'n").) This dispute concerns Rule 45 subpoenas served on four third parties: Plaintiff's Subpoena for Production to CVS Health Corporation ("CVS") dated February 26, 2020; Plaintiff's Subpoena for Production to Albertsons Companies, Inc. dated February 26, 2020; Plaintiff's Subpoena for Production to Albertsons Companies, Inc., Idaho dated

February 26, 2020; and Plaintiff's Subpoena for Production to The Kroger Co. dated March 2, 2020. (*See* Doc. No. 131, Decl. of Todd Wind in Supp. of Mot. ("Wind Decl."), Exs. 1–4.) The third parties have not objected to the subpoenas; however, on April 17, 2020, the Defendant parties filed this Motion for a Protective Order to limit discovery pursuant to Rule 26(c). (Doc. No. 128, Mot. to Compel.) As already noted, Plaintiff opposes the motion. (Doc. No. 136, Pl.'s Mem. of Law in Opp'n ("Pl.'s Opp'n").)

## THIS COURT'S MARCH 24, 2020 ORDER

In bringing their Motion for a Protective Order, Defendants rely on this Court's Order denying Plaintiff's Motion to Compel Defendants to produce "All Documents produced in *Valassis Communications, Inc. v. News Corp., et al.*, Cause No. 17-CV-7378 (PKC ) (S.D.N.Y.)." (Doc. No. 113, 3/24/20 Order.) Defendants argue that this Court's March 24, 2020 Order should be interpreted to preclude Plaintiff from seeking clone discovery from the third parties. Plaintiff, too, relies on this Court's March 24, 2020 Order, taking the position that the Court invited Plaintiff to turn to the third parties to obtain the documents sought when denying Plaintiff's motion to compel. While the Court is not critical of counsel's zealous advocacy, both sides overreach the meaning and scope of the Court's March 24, 2020 Order.

The March 24, 2020 Order addressed Plaintiff's motion to compel the production of more than 11 million documents sought by Plaintiff from the Defendants via a single

document request for clone discovery in *Valassis II*,[1] including documents produced by forty-six third parties. (*See* 3/24/20 Order at 3.) In opposing Plaintiff's motion to compel, Defendants asserted lack of relevance and an undue burden in producing the clone documents. (*See generally* Doc. No. 94, Defs.' Mem. of Law in Opp'n to Pl.'s Mot. to Compel; *see also* Doc. No. 95, Decl. of Jane B. O'Brien ¶¶ 11, 12.) Indeed, Defendants argued that the production would require Defendants to track down no fewer than forty-six parties to obtain their consent to produce their documents. (Doc. No. 94 at 16.) In addition, at the hearing, Defendants argued that the burden associated with exponentially expanding the scope of the record to add more than 11 million documents would have a "ripple effect" that would be costly. (Doc. No. 100, 3/9/20 Hrg. Tr. at 23.) In denying Plaintiff's motion to compel these 11 million documents, the Court found that "Plaintiff has not shown that all of the 11 million-plus clone documents are relevant and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. (3/24/20 Order at 3–4) (emphasis added). The Court also noted that Defendants' burden was sufficiently quantified in the O'Brien Declaration due to the sheer number of documents at issue pursuant to *Vallejo v. Amgen*, 903 F.3d 733 (8th Cir. 2018). (*Id.* at 4,

---

[1]   *Valassis II* is the matter currently being litigated in the Southern District of New York. (Doc. No. 100, 3/9/20 Hrg. Tr. at 29.)

n. 3.) "Accordingly, this Court [did] not require the wholesale production of the remaining clone discovery from the *Valassis* litigation." (*Id*. at 4.) The Court ended its Order by stating, "To the extent Plaintiff seeks pre-2014 documents or third-party documents, Plaintiff may serve tailored document requests or Rule 45 subpoenas." (*Id.*)

## THE FOUR SUBPOENAS AT ISSUE

In February and early March 2020, Plaintiff served third-party subpoenas on CVS, Albertsons Companies, Inc., Albertsons Companies, Inc., Idaho, and The Kroger Co. – well before this Court's March 24, 2020 Order.[2] The responding third parties have not objected to the subpoenas or any of the document requests. These four subpoenas at issue include a common request for clone discovery that each third party produced in six past litigations. (*See* Doc. No. 131, Wind Decl., Exs. 1–4, Exhibit A to the Subpoenas.) In addition, each Exhibit A included requests for non-clone documents. For example, the requests to CVS, Albertsons Companies, Inc., and Albertsons Companies, Inc., Idaho, are listed below:

1. All Documents and Communications[3] concerning Your evaluation of the ISP work done by Defendants in Your stores.

---

[2] The Court's March 24, 2020 Order should not be construed as a per se bar to clone discovery, especially if such discovery is shown to be relevant and proportional. Here the subpoenas and Exhibit A to the four subpoenas were not before the Court when it considered Plaintiff's motion to compel the *Valassis II* documents, and this Court's mention of the availability of additional document requests or third-party subpoenas as a discovery tool in the March 24, 2020 Order was not pre-approval of any subpoena.

[3] The terms "Documents" and "Communication" are defined very broadly in Exhibit A to the Subpoenas.

2. All Documents and Communications concerning any Agreement between You and Defendants that was in effect during the time period of September 1, 2017 to the present.

3. All Documents and Communications concerning Your decision to announce the Shelf Edge Monetization RFP.

4. All Documents and Communications concerning Your criteria for selecting ISP vendors from which to solicit proposals in response to the Shelf Edge Monetization RFP.

5. All Documents and Communications concerning Your criteria for selecting among proposals received in response to the Shelf Edge Monetization RFP.

6. All Documents and Communications concerning Your evaluation of Insignia's proposal submitted in response to the Shelf Edge Monetization RFP.

7. All Documents and Communications concerning Your ultimate rejection of Insignia's proposal submitted in response to the Shelf Edge Monetization RFP.

8. All Documents and Communications concerning Your evaluation of Defendants' proposal submitted in response to the Shelf Edge Monetization RFP.

9. All Documents and Communications concerning any relationship between Your Agreement with Defendants and Your evaluation of proposals submitted in response to the Shelf Edge Monetization RFP.

10. All Documents and Communications produced by You in any of the following lawsuits:

    a. Floorgraphics, Inc. v. News America Marketing In-Store Services, Inc., et al., No. 3:04-cv-03500 (D.N.J.);

    b. The Dial Corporation, et al. v. News Corp., et al., No. 1:13-cv-06802 (S.D.N.Y.);

    c. Theme Promotions, Inc. v. News America Marketing FSI, No. CV-97-04617 (N.D. Cal.);

      d.    *Insignia Systems, Inc. v. News Corp., et al.*, No. 04-cv-04213-JRT-AJB (D. Minn.);

      e.    *Valassis Communications, Inc. v. News America Inc.*, No. 2:06-cv-10240 (E.D. Mich.); and

      f.    *Valassis Communications, Inc. v. News Corp. et al.*, No. l:17-cv-07378- PKC (S.D.N.Y.).

11. All Documents regarding ISPs.

12. All Communications with Defendants regarding ISPs.

(Doc. 131-1, Exhibit A at 5–11 ("CVS"); *id*. at 15–20 ("Albertsons"); *id*. at 25–30 ("Albertsons Idaho") (the disputed request regarding clone discovery is request 10 and its subparts).) The Kroger Co. subpoena listed seven non-clone discovery requests for documents and the same clone discovery request with the same six subparts as the other subpoenas. (Doc. 131-1, Exhibit A at 35–40 ("Kroger") (the disputed request regarding clone discovery is request 6 and its subparts). Defendants seek a protective order regarding Document Request 10 and subparts (a)-(f) sought in the CVS, Albertsons, and Albertsons Idaho subpoenas, and Document Request 6 and subparts (a)-(f) sought in the Kroger subpoena. Defendants do not object to any of the other document requests in the subpoenas.

## DISCUSSION

The outcome of the present motion relating to the four third-party subpoenas is not foreordained by the March 24, 2020 Order. The March 24, 2020 Order addressed Plaintiff's motion to compel discovery of more than 11 million documents from the *Valassis II* litigation, including documents produced by Defendants and, at least, forty-nine third parties. The Court found that Plaintiff had not established that the 11 million-

6

plus clone documents were relevant and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendants' burden was addressed at the hearing and evidence of their burden was noted in the Court's March 24, 2020 Order. (3/24/20 Order at 4, n.3.)[4]

Although this Court lacks jurisdiction to quash the subpoenas, it has the power to enter a protective order under Federal Rule of Civil Procedure 26(c) and to otherwise limit discovery under Rule 26(b)(2)(C). Rule 26(c) provides:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> ....
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . .

Fed. R. Civ. P. 26(c)(1). Rule 26 provides that a court must limit—on motion or on its

---

[4] To the Court's knowledge, the third parties have not objected to the subpoenas or any of the requests. Defendants concede that they do not have standing to argue the third parties' burden when seeking the requested protective order from this Court, but instead argue lack of relevance and raise their own burden that would result from the third parties responding to the clone discovery requests.

own—the frequency or extent of discovery otherwise allowed by the rules if it determines that:

> (i) the discovery sought is <u>unreasonably cumulative or duplicative</u>, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

The Court concludes that Defendants have shown good cause to strike the single request (including subparts) for the clone-discovery documents from the four third-party subpoenas.[5] First, Plaintiff concedes that the clone discovery seeks duplicative discovery from the third parties in two ways. Plaintiff concedes, for example, that documents from at least one of the past litigations was produced in the *Valassis* litigation. And, at the hearing on Plaintiff's motion to compel, Plaintiff explained that the *Valassis I* documents may be included in the *Valassis II* record. (Doc. No. 100, 3/9/20 Hrg. Tr. at 38.) In other words, the production would generate duplicate documents across the past litigations. Complicating things more, the requests for <u>un-cloned</u> discovery overlap the clone discovery. *See Goro v. Flowers Foods*, No. 17-cv-02580-JLS-JLB, 2019 WL 6252499, at

---

[5] This Court agrees with Plaintiff that *Abhe v. Hedley*, No. 15-1952 (WMW/BRT), 2016 WL 11509914, at *4 (D. Minn. Mar. 15, 2016), does not support Defendants' motion. In *Abhe*, the Court found that the clone discovery sought via third-party subpoena was cumulative of discovery that <u>was ordered produced by one of the parties</u>. Here, Defendants refused to produce any third-party documents or its own pre-2014 documents from past litigations.

\*18–19 (S.D. Cal. Nov. 22, 2019) (denying motion to compel clone discovery, stating the requesting party had "already propounded discovery requests that capture the documents they seek through [the clone discovery request]"). For example, Plaintiff acknowledges that the requests for "All Documents regarding ISPs" to the third parties capture documents sought through the clone discovery. The Court appreciates Plaintiff's representation that its counsel would work with the third parties to only require the production of non-duplicative and non-cumulative documents and that Plaintiff might be satisfied by a third party's production of their *Valassis* documents. The Court, however, must review the requests as written in the subpoenas and accompanying exhibits.[6] On their face, the subpoenas seek duplicative documents across the various litigations delineated in the clone discovery requests' subparts.

Defendants appear to admit that some documents produced by third parties from other litigations might be relevant; however, Defendants argue that Plaintiff has not established the relevance of "all documents" sought in the clone discovery requests.[7] In

---

[6] This Order does not preclude the third parties from meeting and conferring with Plaintiff's counsel on the remaining requests. In fact, Defendants agree that this Court cannot preclude the third parties from voluntarily producing their documents from the past productions listed to satisfy the subpoena requests. *See Axcan Scandipharm Inc. v. Ethex Corp.*, No. 07-2556 (RHK/JSM), 2008 WL 11349882, at \*5 (D. Minn. Dec. 31, 2008) (noting that the responding party was free to choose to produce the production in its entirety).

[7] The Court does not rule today that a party must <u>always</u> establish that "all" documents are relevant in order to justify clone discovery from another litigation in every situation. But here, Plaintiff thus far has not provided the Court with a sufficient explanation of what kind of documents are likely to be found in the clone discovery, how they are relevant and proportional to the case.

making this argument, Defendants rely heavily on *Axcan Scandipharm Inc. v. Ethex Corp.*, No. 07-2556 (RHK/JSM), 2008 WL 11349882 (D. Minn. Dec. 31, 2008). In *Axcan*, the court denied a motion to compel the production of clone documents produced by the parties in a different case. *Id*. at *5. Although the dispute over clone discovery in *Axcan* was between parties—and not third parties—the court's concerns about the clone discovery in *Axcan* apply here. In *Axcan*, the court –

> had no doubt that within the [documents produced in the past litigation] there are documents (and perhaps many documents) which are relevant to and should be produced in the [current] litigation. At the same time, however, the Court [did] not assume, nor [had] [the party] established, that all documents produced by these defendants in the [past] litigation are relevant to the instant litigation.

*Id*. After making this observation, the court concluded that the past productions –

> should be treated the same as all other documents in their possession and should be reviewed to determine if they contain relevant documents responsive to [the party's] other document requests, and if they do, the documents should either be produced or identified on a privilege log, if withheld based on privilege or any other basis.

*Id*. The court in *Axcan* found no basis for relieving the responding party's duty to search for documents responsive to the other requests.[8] *Id*.

---

[8] In its March 24, 2020 Order, the Court in this case noted that it had not yet taken any position regarding the scope of discovery, stating:

> As this Court noted in footnote 8 of its Recent Report and Recommendation, it has not yet taken any position regarding the scope of discovery. This Court's denial of the remaining cloned *Valassis* discovery should not be interpreted to mean that a cut-off date for discovery has been established by this Court. If Plaintiff has reached the limit for the number of document requests permitted pursuant to the Pretrial Scheduling Order, or

(Footnote continued on next page)

The Court grants Defendants' Motion for a Protective Order as to the single clone discovery request and subparts in each of the four subpoenas. This Order, however, does not bar Plaintiff from seeking documents responsive to the other document requests in the third party's possession and control. Nor does it bar the responding third parties from working with Plaintiff to identify responsive documents—including documents produced in past litigations—that would satisfy Plaintiff's remaining requests.

## ORDER

Based on the file, record, submissions, and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for a Protective Order Regarding Plaintiff's Subpoenas (Doc. No. 128) is **GRANTED**. Request No. 10 as set forth in Exhibit A to the CVS, Albertsons, and Albertsons Idaho subpoenas, and Request No. 6 as set forth in Exhibit A to the Kroger Co. subpoena are stricken pursuant to Federal Rule Civil Procedure 26(c).

2. Plaintiff must provide a copy of this Order to the above third parties.

Date: May 21, 2020              *s/ Becky R. Thorson*
                                BECKY R. THORSON
                                United States Magistrate Judge

---

(Footnote continued from previous page)
will exceed those limits, the Court will entertain requests to increase the limits to facilitate this process.

(3/24/20 Order at 4, n.4.)