# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Insignia Systems, Inc.,                                    Civ. No. 19-1820 (MJD/BRT)

        Plaintiff,

v.

News Corporation, News America                            **ORDER**
Marketing FSI L.L.C., and News America
Marketing In-Store Services L.L.C.,

        Defendants.

---

Alejandra Salinas, Esq., Arun S. Subramanian, Esq., Gloria Park, Esq., Mark Musico, Esq., and William Christopher Carmody, Esq., Susman Godfrey LLP; Hunter J. Shkolnik, Esq., Napoli Shkolnik PLLC; Jerry W. Blackwell, Esq., and S. Jamal Faleel, Esq., Blackwell Burke PA, counsel for Plaintiff.

Gerson Avery Zweifach, Esq., Williams & Connolly LLP; Jane B. O'Brien, Esq., Jeannie S. Rhee, Esq., Kenneth A. Gallo, Esq., William Michael, Esq., and Heather Milligan, Esq., Paul, Weiss, Rifkind, Wharton & Garrison LLP; Nicole M. Moen, Esq., Rachel Dougherty, Esq., Timothy M. O'Shea, Esq., and Todd A. Wind, Esq., Fredrikson & Byron, PA, counsel for Defendants.

---

    This matter is before the Court on Plaintiff's Motion for a Protective Order

Regarding Defendants' Notice of Rule 30(b)(6) Deposition (Doc. No. 155),[1] Defendants'

Motion to Determine the Sufficiency of Plaintiff's Responses and Objections to

---

[1]     Defendants filed an opposition to Plaintiff's Motion for a Protective Order Regarding Defendants' Notice of Rule 30(b)(6) Deposition at Doc. No. 184.

Defendants' Requests for Admission and Rule 30(b)(6) Deposition (Doc. No. 161),[2] and

Plaintiff's Second Motion to Compel. (Doc. No. 164.)[3] Based on the record and

submissions filed, the Court issues an Order as stated below.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal

court. Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(b)(1) provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[2]     Plaintiff filed an opposition to Defendant's Motion to Determine the Sufficiency of Plaintiff's Responses and Objections to Defendants' Requests for Admission and Rule 30(b)(6) Deposition at Doc. No. 182.

[3]     Defendants' filed an opposition to Plaintiff's Second Motion to Compel at Doc. No. 178.

Fed. R. Civ. P. 26(b)(1). "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . ." Fed. R. Civ. P. 26(c)(1).

The discovery motions now before the Court relate to Document Requests, Requests for Admission, and a Rule 30(b)(6) deposition notice. The relevant Rules and requirements relating to those topics are as follows.

A.    Rule 30(b)(6) Deposition

The relevant portions of Rule 30(b)(6) provide:

> [A] party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). The Rule requires the "matters for examination" be described with particularity to provide the responding entity with sufficient notice regarding what may be covered during the deposition in order to be prepared. *See id.*

B.    Rule 34 Document Requests

Document requests must "describe with reasonable particularity" the documents sought. Fed. R. Civ. P. 34(b). If a document request comports with Rule 34 and the scope and limits of Rule 26, the responding party must produce documents within its "possession, custody, or control." Fed. R. Civ. P. 34(a).

3

C.      Rule 36 Requests for Admission

Rule 36 provides:

> A party may serve on any other party a written request to admit, for
> purposes of the pending action only, the truth of any matters within the
> scope of Rule 26(b)(1) relating to:
>
> (A)     facts, the application of law to fact, or opinions about either; and
> (B)     the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). The Rule also provides:

> The requesting party may move to determine the sufficiency of an answer
> or objection. Unless the court finds an objection justified, it must order that
> an answer be served. On finding that an answer does not comply with this
> rule, the court may order either that the matter is admitted or that an
> amended answer be served. The court may defer its final decision until a
> pretrial conference or a specified time before trial. Rule 37(a)(5) applies to
> an award of expenses.

Fed. R. Civ. P. 36(a)(6).

## DISCOVERY AT ISSUE

The following discovery is at issue:

1.      Plaintiff's Motion for a Protective Order Regarding Defendants' Notice of
Rule 30(b)(6) Deposition (Doc. No. 155):

> a.      Topic 2: The complete factual basis (if any) for each denial asserted
> in Insignia's Answer to Defendants' Counterclaim, filed on
> September 4, 2019 in this matter (Dkt. 27), including the details of
> any investigation done by Insignia to determine such facts.
>
> b.      Topic 3: Your responses to Defendants' expedited discovery
> requests served on April 13, 2020, including Defendants' First Set of
> Requests for Admission, First Set of Interrogatories, and Third Set
> of Requests for Production of Documents and Things.
>
> c.      Topic 4: The underlying facts and conduct supporting the Released
> Matters, including but not limited to the factual bases for the
> allegations made in the course of Insignia I in the Complaint,

Amended Complaint, Opposition to Defendant's Motion for Summary Judgment and Trial Brief regarding: (a) the Defendants' alleged unlawful acquisition of monopoly power; (b) the Defendants' alleged computer theft and other tortious conduct directed towards Floorgraphics; (c) the Defendants' alleged acquisition of competitors; (c) the Defendants' alleged role in raising barriers to entry; (d) the Defendants' alleged baseless threats of litigation against retailers; (e) the Defendants' alleged misrepresentation and overstatement of Defendants' legal rights; (f) the Defendants' alleged pressure tactics and other efforts to interfere with actual and potential clients and customers of Insignia; (g) the Defendants' alleged use of exclusivity provisions and rights of first refusal with retailers; (h) the Defendants' alleged use of lengthy contracts with retailers, whether achieved through the initial term, renewals or mid-term extensions; (i) the Defendants' alleged use of staggered renewal terms for retail contracts; and (j) the Defendants' alleged anticompetitive intent to obtain and exploit monopoly power and prevent Insignia from competing on the merits.

d.   Topic 5: Any and all efforts undertaken by Insignia, prior to filing the Complaint, to ensure that the Complaint did not include any assertion of facts or conduct supporting the Released Matters.

2.   Defendants' Motion to determine the sufficiency of Plaintiff's answers and objections to Defendants' expedited Requests for Admission ("RFA") (Doc. No. 161):

a.   RFA 1: Admit that the following statement in Paragraph 3 of the Complaint refers to a statement allegedly made by Paul Carlucci in or before 2002: "As a former News America Marketing, Inc. chairman put it, he has vowed to 'destroy' News's competitors."

RESPONSE: The phrases "refers to" and "statement allegedly made by" are vague and ambiguous. Insignia further objects to this request insofar as it seeks information that is not relevant to any claims or defenses in this case, and not proportional to the needs of the case. Insignia further objects to this request insofar as it seeks information protected from discovery by the attorney-client privilege and the attorney-work product doctrine. Subject to and without waiving Insignia's objections, Denied.

b.   RFA 2: Admit that Insignia referenced the alleged statement identified in Request No. 1 in (i) Insignia's Mem. in Opp'n to NAM

5

In-Store's Mot. S.J. 33, Insignia I, ECF No. 515 (filed under seal Feb. 27, 2009) (quoting G. Rebh Tr., Sept. 27, 2006, Ex. 27 at 281:19-284:19) and (ii) Insignia's Case Statement 10, Insignia I, ECF No. 739 (filed under seal Nov. 29, 2010).

RESPONSE: The phrase "referenced the alleged statement identified in" is vague and ambiguous. Insignia further objects to this request insofar as it seeks information that is not relevant to any claims or defenses in this case, and not proportional to the needs of the case. Insignia further objects to this request insofar as it seeks information protected from discovery by the attorney-client privilege and the attorney-work product doctrine. Subject to and without waiving Insignia's objections, denied.

c.   RFA 3: Admit that the following statement in Paragraph 31 of the Complaint, "[a] former News account manager has testified that 100 percent of his retail accounts in the southeast United States had exclusivity clauses," refers to testimony given by Robert Emmel in or prior to 2009.

RESPONSE: The phrase "refers to" is vague and ambiguous. Insignia further objects to this request insofar as it seeks information that is not relevant to any claims or defenses in this case, and not proportional to the needs of the case. Insignia further objects to this request insofar as it seeks information protected from discovery by the attorney-client privilege and the attorney-work product doctrine. Subject to and without waiving Insignia's objections, denied.

d.   RFA 4: Admit that Insignia included the transcript of Robert Emmel containing the testimony identified in Request No. 3 (Transcript of R. Emmel Testimony, January 15, 2008, at 132:13-17) on its trial exhibit list in Insignia I, ECF No. 745, PX 2960 (filed Nov. 29, 2010).

RESPONSE: The phrase "containing the testimony identified in" is vague and ambiguous. Insignia further objects to this request insofar as it seeks information that is not relevant to any claims or defenses in this case, and not proportional to the needs of the case. Insignia further objects to this request insofar as it seeks information protected from discovery by the attorney-client privilege and the attorney-work product doctrine. Subject to and without waiving Insignia's objections, denied.

e.      RFA 5: Admit that the following statements referenced in Paragraph 35 of the Complaint refer to statements allegedly made by Paul Carlucci in 2001: "A former News America Marketing chief operations officer has explained that News has used such overly broad language to introduce signage that was not considered by the retailer at the time the contract was entered into. The officer went on to conclude his explanation of this aggressive tactic by stating: '[I]f there was any one [on staff] who was a bed wetting liberal [and] concerned about doing the right thing, they should speak up at that point, and he would arrange for human resources to work with that person and they would exit the company.'"

RESPONSE: The phrases "refer to" and "statements allegedly made by" are vague and ambiguous. Insignia further objects to this request insofar as it seeks information that is not relevant to any claims or defenses in this case, and not proportional to the needs of the case. Insignia further objects to this request insofar as it seeks information protected from discovery by the attorney-client privilege and the attorney-work product doctrine. Subject to and without waiving Insignia's objections, denied.

f.      RFA 6: Admit that Insignia referenced the alleged statements identified in Request No. 5 in Insignia's Mem. in Opp'n to NAM In-Store's Mot. S.J. 33-34, Insignia I, ECF No. 515 (filed under seal Feb. 27, 2009).

RESPONSE: The phrase "referenced the alleged statements identified in" is vague and ambiguous. Insignia further objects to this request insofar as it seeks information that is not relevant to any claims or defenses in this case, and not proportional to the needs of the case. Insignia further objects to this request insofar as it seeks information protected from discovery by the attorney-client privilege and the attorney-work product doctrine. Subject to and without waiving Insignia's objections, denied.

g.      RFA 7: For Paragraph 42 of the Complaint, admit that (i) the statement therein refers to a statement allegedly made by Martin Garofalo in or before 2004, and (ii) speaking notes evidencing this statement were included on Insignia's trial exhibit list in Insignia I, ECF No. 745, PX 337 at p. 23 (filed Nov. 29, 2010).

RESPONSE: The phrases "refers to" and "statement allegedly made by" are vague and ambiguous. Insignia further objects to this request

insofar as it seeks information that is not relevant to any claims or
defenses in this case, and not proportional to the needs of the case.
Insignia further objects to this request insofar as it seeks information
protected from discovery by the attorney-client privilege and the
attorney-work product doctrine. Subject to and without waiving
Insignia's objections, denied.

h.    RFA 8: Admit that Insignia referenced the alleged statements
      identified in Request No. 7 in support of arguments made in
      Insignia's Mem. in Opp'n to NAM In-Store's Mot. S.J. 12-13,
      Insignia I, ECF No. 515 (filed under seal Feb. 27, 2009).

      RESPONSE: The phrase "referenced the alleged statements
      identified in" is vague and ambiguous. Insignia further objects to this
      request insofar as it seeks information that is not relevant to any
      claims or defenses in this case, and not proportional to the needs of
      the case. Insignia further objects to this request insofar as it seeks
      information protected from discovery by the attorney-client privilege
      and the attorney-work product doctrine. Subject to and without
      waiving Insignia's objections, denied.

i.    RFA 9: For Paragraph 43 of the Complaint, admit that (i) it refers to
      a statement allegedly made by Martin Garofalo in or before 2006,
      and (ii) a presentation script evidencing this statement was included
      on Insignia's trial exhibit list in Insignia I, ECF No. 745, PX 1572 at
      p. 9 (filed Nov. 29, 2010).

      RESPONSE: The phrases "refers to" and "statement allegedly made
      by" are vague and ambiguous. Insignia further objects to this request
      insofar as it seeks information that is not relevant to any claims or
      defenses in this case, and not proportional to the needs of the case.
      Insignia further objects to this request insofar as it seeks information
      protected from discovery by the attorney-client privilege and the
      attorney-work product doctrine. Subject to and without waiving
      Insignia's objections, denied.

3.    Regarding Defendants' Motion to compel Plaintiff's 30(b)(6) deposition on
the topics noticed (Doc. No. 161):

      a.    Topic 1: Provide the date for each undated claim and allegation
            asserted in the Complaint.

      b.    Topic 2: The complete factual basis (if any) for each denial asserted

in Insignia's Answer to Defendants' Counterclaim, filed on September 4, 2019 in this matter (Doc. No. 27), including the details of any investigation done by Insignia to determine such facts.

c.     Topic 3: Your responses to Defendants' expedited discovery requests served on April 13, 2020, including Defendants' First Set of Requests for Admission, First Set of Interrogatories, and Third Set of Requests for Production of Documents and Things.

d.     Topic 4: The underlying facts and conduct supporting the Released Matters, including but not limited to the factual bases for the allegations made in the course of Insignia I in the Complaint, Amended Complaint, Opposition to Defendant's Motion for Summary Judgment and Trial Brief regarding: (a) the Defendants' alleged unlawful acquisition of monopoly power; (b) the Defendants' alleged computer theft and other tortious conduct directed towards Floorgraphics; (c) the Defendants' alleged acquisition of competitors; (c) the Defendants' alleged role in raising barriers to entry; (d) the Defendants' alleged baseless threats of litigation against retailers; (e) the Defendants' alleged misrepresentation and overstatement of Defendants' legal rights; (f) the Defendants' alleged pressure tactics and other efforts to interfere with actual and potential clients and customers of Insignia; (g) the Defendants' alleged use of exclusivity provisions and rights of first refusal with retailers; (h) the Defendants' alleged use of lengthy contracts with retailers, whether achieved through the initial term, renewals or mid-term extensions; (i) the Defendants' alleged use of staggered renewal terms for retail contracts; and (j) the Defendants' alleged anticompetitive intent to obtain and exploit monopoly power and prevent Insignia from competing on the merits

e.     Topic 6:  The complete factual basis (if any) for Insignia's Affirmative Defense No. 4, asserted in its Answer to Defendants' Counterclaim, including all facts supporting the allegations that any of the Defendants "frustrated or prevented Insignia's performance" of its obligations under the Settlement Agreement, "and/or otherwise failed to perform or satisfy a condition precedent" under the Settlement Agreement.

4.      Plaintiff's Second Motion to Compel (Doc. No. 164):

    a.      RFP No. 1: Documents and Communications relating to the nature and amount of damages that Defendants allegedly incurred as a result of Plaintiff's alleged breach of the Settlement Agreement.

    b.      RFP No. 2: Documents and Communications relating to the drafting, negotiation, inclusion, meaning, ambiguity, applicability, viability, or interpretation of paragraph 3 of the Settlement Agreement, including Defendants' understanding of the same.

    c.      RFP No. 3: Documents and Communications relating to the drafting, negotiation, inclusion, meaning, ambiguity, applicability, viability or interpretation of paragraphs 9-12 of the Settlement Agreement, including Defendants' understanding of the same.

    d.      RFP No. 5: All Agreements YOU have entered into with Retailers that were in effect on or after February 9, 2011, including any Agreements that includes an automatic rollover that automatically extends the Agreement past the initial term unless the retailer provides notice prior to the original termination date; has a delayed rollout provision or otherwise limits the type and rollout of products that another third-party provider can display in that retailer; a right of first refusal clause; an exclusivity clause; grants YOU exclusivity to "shelf messaging" or "general advertising," or prohibits a retailer from using signage that is "substantially similar to any NAM Program;" or "includes any mention or description of product features or benefits or any advertising claims; and any communications concerning the inclusion, effect, enforcement, or purpose of any such provisions in any Agreement.

The Court has reviewed each discovery request at issue, and reviewed each topic noticed in the 30(b)(6) deposition notice at issue and considered both the relevance and proportionality of the discovery sought. Based on the Court's consideration, and the file, submissions, and proceedings herein, the Court grants in part and denies in part the pending motions as delineated below.

10

**ORDER**

Based on the file, records, and submissions herein, **IT IS HEREBY ORDERED**

that:

1.    Plaintiff's Motion for a Protective Order Regarding Defendants' Notice of

Rule 30(b)(6) Deposition (Doc. No. 155), is **GRANTED IN PART** and **DENIED IN**

**PART** as follows:

        a.    Regarding Topic 2, the motion for a Protective Order is GRANTED IN PART AND DENIED IN PART. Insignia must produce a witness prepared to testify about the factual basis for each denial asserted in Insignia's Answer to Defendant's Counterclaim, filed September 4, 2019; however, the "details of any investigation done by Insignia to determine such facts" is stricken from the Topic as overly broad, unduly burdensome, and not described with reasonable particularity.

        b.    Regarding Topic 3, the motion for a Protective Order is GRANTED. The topic as drafted is overly broad, making it unduly burdensome for a Rule 30(b)(6) witness to prepare to testify on the topics identified and is not described with reasonable particularity. Insignia is not required to produce a witness on Topic 3.

        c.    Regarding Topic 4, the motion for a Protective Order is GRANTED. The topic, including its eleven subparts, as drafted, is overly broad, making it unduly burdensome for a Rule 30(b)(6) witness to prepare to testify on the topics identified and is not described with reasonable particularity. Insignia is not required to produce a witness on Topic 4.

        d.    Regarding Topic 5, the motion for a Protective Order is GRANTED because the topic as drafted seeks information that is not sufficiently relevant or proportional to the needs of the case. Insignia is not required to produce a witness on Topic 5.

2.    Defendants' Motion to Determine the Sufficiency of Plaintiff's Responses

and Objections to Defendants' Requests for Admission and Rule 30(b)(6) Deposition

(Doc. No. 161) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.    Regarding Defendants' request to determine the sufficiency of Plaintiff's answers and objections to Defendants' expedited Requests for Admissions, the motion is addressed as follows:

i.    Insignia's Objections to RFA 1 are overruled, excerpt for the objection to attorney-client privilege or work-product protection. The request is not vague and ambiguous, and a response is relevant and proportional to the needs of the case. An amended answer that complies with Rule 36 must be served.[4]

ii.   Insignia's Objections to RFA 2 are overruled, excerpt for the objection to attorney-client privilege or work-product protection. The request is not vague and ambiguous, and a response is relevant and proportional to the needs of the case. An amended answer that complies with Rule 36 must be served.

iii.  Insignia's Objections to RFA 3 is overruled, excerpt for the objection to attorney-client privilege or work-product protection. The request is not vague and ambiguous, and a response is relevant and proportional to the needs of the case. An amended answer that complies with Rule 36 must be served.

iv.   Insignia's Objections to RFA 4 are overruled, excerpt for the objection to attorney-client privilege or work-product protection. The request is not vague and ambiguous, and a response is relevant and proportional to the needs of the case. An amended answer that complies with Rule 36 must be served.

v.    Insignia's Objections to RFA 5 are overruled, excerpt for the objection to attorney-client privilege or work-product

---

[4]    "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must rarely respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36 (a)(4). The Court does not overrule the objection as to attorney-client privilege or work-product protection; however, at this point, Insignia has not explained how privilege or protection would apply when responding to the request.

protection. The request is not vague and ambiguous, and a response is relevant and proportional to the needs of the case. An amended answer that complies with Rule 36 must be served.

vi.   Insignia's Objections to RFA 6 are overruled, excerpt for the objection to attorney-client privilege or work-product protection. The request is not vague and ambiguous, and a response is relevant and proportional to the needs of the case. An amended answer that complies with Rule 36 must be served.

vii.   Insignia's Objections to RFA 7 are overruled, excerpt for the objection to attorney-client privilege or work-product protection. The request is not vague and ambiguous, and a response is relevant and proportional to the needs of the case. An amended answer that complies with Rule 36 must be served.

viii.   Insignia's Objections to RFA 8 are overruled, excerpt for the objection to attorney-client privilege or work-product protection. The request is not vague and ambiguous, and a response is relevant and proportional to the needs of the case. An amended answer that complies with Rule 36 must be served.

ix.   Insignia's Objections to RFA 9 are overruled, excerpt for the objection to attorney-client privilege or work-product protection. The request is not vague and ambiguous, and a response is relevant and proportional to the needs of the case. An amended answer that complies with Rule 36 must be served.

b.   Regarding Defendants' request to compel Plaintiff's 30(b)(6) deposition on the topics noticed, the motion is GRANTED IN PART and DENIED IN PART as follows:

i.   Regarding Topic 1, Insignia has agreed to prepare and present a witness in good faith as to Topic 1 as reflected in the parties' submissions. (*See* Doc. No. 182 at 22.)[5] To the extent

---

[5]   Apparently, Insignia agrees to produce a witness to testify about "specific dates for allegations where a specific date can be adduced, and date ranges for general

(Footnote continued on next page)

testimony is sought for this topic beyond what is agreed to, Defendants motion to compel is DENIED.

ii.    Regarding Topic 2, the motion to compel is GRANTED IN PART and DENIED IN PART. Insignia must produce a witness prepared to testify about the factual basis for each denial asserted in Insignia's Answer to Defendant's Counterclaim, filed September 4, 2019; however, the "details of any investigation done by Insignia to determine such facts" is stricken from the Topic as overly broad, unduly burdensome, and not described with reasonable particularity.

iii.    Regarding Topic 3, the motion to compel is DENIED. The topic as drafted is overly broad, making it unduly burdensome for a Rule 30(b)(6) witness to prepare to testify on the topics identified and is not described with reasonable particularity. Insignia is not required to produce a witness on Topic 3.

iv.    Regarding Topic 4, the motion to compel is DENIED. The topic, including its eleven subparts, as drafted, is overly broad, making it unduly burdensome for a Rule 30(b)(6) witness to prepare to testify on the topics identified and is not described with reasonable particularity. Insignia is not required to produce a witness on Topic 4.

v.    Regarding Topic 6, the motion to compel is GRANTED. The topic as drafted is relevant and proportional. Insignia must produce a witness on Topic 6.

b.    Defendants' request for attorneys' fees and expenses is DENIED.

3.    Plaintiff's Second Motion to Compel (Doc. No. 164) is **GRANTED IN PART** and **DENIED IN PART** as follows:

---

(Footnote continued from previous page)
allegations of facts or conduct. Where an allegation is not premised on underlying facts or conduct, i.e., assertions of law, we understand that a date will not be provided." (Doc. No. 183, Decl. of Gloria Park, Ex. 10.) Insignia will, in good faith, reasonably prepare and present a witness on Topic 1 as narrowed after the parties' extensive meet and confer. As such, there does not appear to be a dispute as to Topic 1 at this time.

a.      Regarding Plaintiff's RFP Nos. 2 and 3 (all non-privileged documents relating to News's understanding of paragraphs 3 and 9-12 of the Settlement Agreement), the motion is GRANTED. If Defendants assert privilege or work-product protection, they may withhold documents and identify them on a privilege log, which may be subject to further challenge.

b.      Regarding Plaintiff's RFP No. 5 (all agreements containing a right-of-first refusal provision that were in effect on or after February 9, 2011, the date of the Settlement Agreement), the motion is DENIED WITHOUT PREJUDICE. The request as drafted is overly broad and unduly burdensome and to the extent there are relevant documents within this broad request, the Court cannot discern whether they are the subject of other requests or will be produced pursuant to documents produced through the application of search terms. If so, the request seeks duplicative documents. Finally, based on the record before the Court, the importance of the discovery sought in resolving the breach-of-contract issue is not proportional. Plaintiff may renew the request after the search term documents are produced or draft a more particularized document request. This Court's denial should not be interpreted to establish good cause to extend any deadline for briefing.[6]

c.      Regarding Plaintiff's RFP No. 1 (all non-privileged documents regarding the fees and costs incurred by News as a result of Insignia's alleged breach of the Settlement Agreement), the motion is GRANTED to the extent Defendants are seeking attorney fees and costs as a category of damages. If they are, they must produce responsive documents that exist and are in their possession, custody, and control now. This Court did not bifurcate liability and damages discovery.

4.      Supplemental answers to the requests for admission must be served no later than **June 15, 2020**. Any documents responsive to RFP 2–3 must be produced no later than **June 19, 2020**. Any documents responsive to RFP 1 must be produced no later than

---

[6]     This ruling is specific to this RFP and should not be interpreted to suggest that this Court has set a bar on pre-2011 discovery.

**June 26, 2020.** Any privilege logs must be produced before **July 10, 2020**. Any Rule 30(b)(6) depositions on the permitted topics must be completed no later than **June 30, 2020**.[7] The District Court's order setting the deadline for filing and serving dispositive motions on only the breach-of-contract issues is extended to **July 10, 2020**.

Date: June 8, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

---

[7]     This Court will not take calls during a deposition. To the extent there is a dispute at the deposition the parties should make every attempt to resolve it or make the appropriate record at the deposition for bringing the unresolved dispute to the attention of the Court following the deposition.