UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| INSIGNIA SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEWS CORPORATION, NEWS AMERICA MARKETING FSI L.L.C., and NEWS AMERICA MARKETING IN-STORE SERVICES L.L.C., <br><br> Defendants. | Case No.: 19-cv-1820 MJD/BRT <br><br> **JURY TRIAL DEMANDED** |

**DECLARATION OF RYAN CAUGHEY IN SUPPORT OF INSIGNIA'S MOTION TO COMPEL PRODUCTION OF <u>IMPROPERLY CLAWED-BACK MATERIALS</u>**

I, Ryan Caughey, declare and state as follows:

1. I am an attorney at Susman Godfrey L.L.P., one of the law firms representing Plaintiff Insignia Systems, Inc. ("Insignia").

2. I submit this declaration and the attached exhibits in support of Insignia's Motion to Compel Production of Improperly Clawed-Back Materials.

3. **Exhibit 1** is a true and correct copy of News America Marketing's ("News's") privilege log entries for the clawed-back materials, plus a concise statement of Insignia's position about why the materials cannot be withheld as privileged. It includes blanks for News to insert its position.

1

4. Insignia noticed the deposition of Robert Spitz, News America Marketing's former Executive Vice President and Chief Revenue Officer. I took his deposition on February 8, 2021. Jane O'Brien of Paul Weiss defended the deposition on behalf of News.

5. At the deposition, I introduced a News presentation as Exhibit 6. As reflected in the deposition transcript, News clawed back that document only after explicitly allowing Mr. Spitz to give substantive testimony about it. Relevant excerpts from Spitz's deposition are attached as **Exhibit 2**. These excerpts are designated Attorneys' Eyes Only under the Protective Order and is filed under seal.

6. In mid-2020, News produced multiple versions of the clawed-back presentation to Insignia, in the ordinary course of discovery.

7. After News clawed back the presentation that I had introduced as Exhibit 6, Insignia destroyed its copies of the presentation pursuant to the Protective Order, while reserving all rights to move to compel production.

8. Attached hereto as **Exhibit 3** is a true and correct copy of the document produced by Defendants bearing the beginning control number NAM-IS19-07151759. This document is designated Attorneys' Eyes Only under the Protective Order and is filed under seal.

9. Attached hereto as **Exhibit 4** is a true and correct copy of the document produced by Defendants bearing the beginning control number NAM-IS19-07112082. This document is designated Attorneys' Eyes Only under the Protective Order and is filed under seal.

10. Attached hereto as **Exhibit 5** is a true and correct copy of the document produced by Defendants bearing the beginning control number NAM-IS19V214-02478626. This document is designated Attorneys' Eyes Only under the Protective Order and is filed under seal.

11. Attached hereto as **Exhibit 6** is a true and correct copy of the document produced by Defendants bearing the beginning control number NAM-IS19V214-02492590. This document is designated Attorneys' Eyes Only under the Protective Order and is filed under seal.

12. Attached hereto as **Exhibit 7** is a true and correct copy of the document produced by Defendants bearing the beginning control number NAM-IS19V214-02628550. This document is designated Attorneys' Eyes Only under the Protective Order and is filed under seal.

13. Attached hereto as **Exhibit 8** is a true and correct copy of the document produced by Defendants bearing the beginning control number NAM-IS19-07109853. This document is designated Attorneys' Eyes Only under the Protective Order and is filed under seal.

14. Attached hereto as **Exhibit 9** is a true and correct copy of the document produced by Defendants bearing the beginning control number NAM-IS19V214-02657429. This document is designated Attorneys' Eyes Only under the Protective Order and is filed under seal.

15. Attached hereto as **Exhibit 10** is a true and correct copy of the document produced by Defendants bearing the beginning control number NAM-IS19V214-2657222.

This document is designated Attorneys' Eyes Only under the Protective Order and is filed under seal.

16. Attached hereto as **Exhibit 11** is a true and correct copy of the document produced by Defendants bearing the beginning control number NAM-IS19V214-02740653. This document is designated Attorneys' Eyes Only under the Protective Order and is filed under seal. This is a redacted version of the cover email to the clawed-back presentation. The unredacted version was used as part of Exhibit 6 in Spitz's deposition.

17. Attached hereto as **Exhibit 12** is a true and correct copy Jane O'Brien's letter to Ryan Caughey, dated February 9, 2021.

18. Attached hereto as **Exhibit 13** is a true and correct copy of an email exchange between Jane O'Brien and Ryan Caughey, dated February 9-10, 2021.

19. Attached hereto as **Exhibit 14** is a true and correct copy of a cover email and attached letter, which Jane O'Brien sent to Kate Klausner at TSG Reporting, dated February 9, 2021. The top email in this exchange shows that Jane O'Brien forwarded her exchange with Kate Klausner to Ryan Caughey.

20. Attached hereto as **Exhibit 15** is a true and correct copy of an email from Ryan Caughey to Kate Klausner of TSG Reporting and Jane O'Brien, dated February 9, 2021.

21. Attached hereto as **Exhibit 16** is a true and correct copy an email exchange between Ryan Caughey and Jane O'Brien, as well as others, dated February 19-24, 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of March, 2021.

*/s/ Ryan Caughey*
Ryan Caughey