UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| INSIGNIA SYSTEMS, INC., | Civ. No. 19-1820 (MJD/BRT) |
| Plaintiff, | |
| v. | |
| NEWS CORPORATION; NEWS AMERICA MARKETING FSI L.L.C.; AND NEWS AMERICA MARKETING IN-STORE SERVICES, L.L.C., | **ORDER DENYING INSIGNIA'S MOTION** |
| Defendants. | |

This matter is before the Court on Plaintiff Insignia's Motion to Amend the Fourth Amended Scheduling Order. (Doc. No. 471.) As background, the Fourth Amended Scheduling Order was entered on March 17, 2021 (Doc. No. 462), following the parties' Stipulation Regarding Amendment to Third Amended Scheduling Order filed on March 15, 2021. (Doc. No. 460.) The Court adopted some of the stipulated proposals, but not all. Insignia filed the instant Motion on March 24, 2021. (Doc. No. 471.) Defendants take no position on the Motion.

In its Motion, Insignia offers several reasons for further amending the Fourth Amended Scheduling Order. Many of the reasons point to this Court's earlier acceptance of limited—and specific—fact discovery extensions ("extended fact discovery") as a

reason to also extend expert discovery deadlines.[1] But, significantly, Insignia's Motion fails for lack of good cause because Insignia has not described or attempted to connect the information that it might obtain through the extended fact discovery to any particular expert or issue on which any expert opinions and testimony will be offered. Moreover, to the extent that any additional information obtained in the extended fact discovery is relevant to any expert discovery, the parties may later move to seek leave to address the additional information in a supplemental report.[2]

Further, when the fact discovery extensions were sought, the parties did not explain that any of the fact discovery extensions would have an effect on any other deadlines. Had the Court been aware of the effect on any other deadlines, it could have taken that into account <u>before</u> allowing the proposed extensions.[3] This Court's

---

[1] Except for the limited exceptions, the applicable scheduling orders required that the parties commence fact discovery procedures in time to be completed on or before March 1, 2021. This deadline has remained in place. (Doc. No. 462.)

[2] Court notes that it is very sympathetic to the personal circumstances warranting the brief extension to April 14, 2021 for the Rule 30(b)(6) deposition of Insignia's corporate representative. Indeed, the Court granted the brief extension the same day that the stipulation was filed. (Doc. Nos. 467, 469.) The next day, Insignia filed the instant Motion. This Court does not understand—and Insignia did not explain in the instant Motion—how a Rule 30(b)(6) deposition of Insignia prevents Insignia from producing and relying upon Insignia's information to support Insignia's opening expert reports. If the Court misunderstands Insignia's possession, custody, and control of its own information to support expert reports, Insignia may move to seek leave to address the "extended discovery" in a supplemental report.

[3] The Court's scheduling orders provided that "[i]f the parties agree on proposals to amend this Pretrial Scheduling Order in the future, a formal motion is not necessary; however, any stipulation to support a proposed amendment must show good cause and

acquiescence to the various fact discovery extensions does not establish good cause to now extend the expert discovery deadlines. Nor do the pending motions that were filed on March 2, 2021, establish good cause for extending expert discovery.[4]

In sum, Insignia has not shown good cause to extend the deadlines as proposed. However, Court will reluctantly give the parties the option of extending the expert discovery deadlines as provided in the "Elected Stipulated Scheduling Option" column below on two conditions: (1) that the parties file a joint stipulation to accept the "Elected Stipulated Scheduling Option" column; and (2) that parties stipulate that by making this election, they understand that electing the extension may extend the expert deadlines into a more complicated overlap of work relating to the New York litigation and that they accept that any overlap created by the Elected Stipulated Scheduling Option will not be good cause for any additional extensions. In other words, the parties, their counsel, and their experts are expected to double track in the event of an overlap. For clarity, the Court sets forth the "Current Schedule" column and the "Elected Stipulated Scheduling Option" column below.

| Current Schedule | Elected Stipulated Scheduling Option |
|---|---|
| With respect to the claims asserted by Plaintiff in its Complaint (Doc. No. 1), Plaintiff shall identify any expert who shall serve an opening expert report on | With respect to the claims asserted by Plaintiff in its Complaint (Doc. No. 1), Plaintiff shall identify any expert who shall serve an opening expert report on |

---

explain how the requirements of Local Rule 16.3 are satisfied." Local Rule 16.3 required the parties to explain the modification's effect on other deadlines.

[4]    It is noteworthy that no party moved to extend the scheduling order deadlines when these motions were filed in early March 3, 2021. To the extent any additional discovery is permitted in any future Court rulings, the parties may move to seek leave to address the "extended discovery" in a supplemental expert report.

| | |
|---|---|
| liability, damages, or the relevant market definition on or before **March 1, 2021**. This deadline has passed.<br><br>Plaintiff shall serve opening expert reports on liability, damages, and the relevant market definition on or before **April 1, 2021**. | liability, damages, or the relevant market definition on or before **March 1, 2021**. This deadline has passed.<br><br>Plaintiff shall serve opening expert reports on liability, damages, and the relevant market definition on or before **April 22, 2021**. |
| Defendants shall identify any rebuttal experts on or before **March 22, 2021**. This deadline has passed. | Defendants shall identify any rebuttal experts on or before **March 22, 2021**. This deadline has passed. |
| Defendants shall serve rebuttal expert reports in response to Plaintiff's opening expert reports on or before **May 10, 2021**. For the avoidance of doubt, to the extent that Defendants' expert reports address any issues for which Defendants bear the burden of proof, the fact that those issues are addressed in Defendants' rebuttal expert reports will not be grounds to preclude the expert report or any portion thereof. | Defendants shall serve rebuttal expert reports in response to Plaintiff's opening expert reports on or before **May 21, 2021**. For the avoidance of doubt, to the extent that Defendants' expert reports address any issues for which Defendants bear the burden of proof, the fact that those issues are addressed in Defendants' rebuttal expert reports will not be grounds to preclude the expert report or any portion thereof. |
| Plaintiff may serve an expert report concerning Defendants' counterclaim on or before **May 10, 2021**.<br><br>Plaintiff shall identify any such expert on or before **March 22, 2021.** This deadline has passed. | Plaintiff may serve an expert report concerning Defendants' counterclaim on or before **May 21, 2021**.<br><br>Plaintiff shall identify any such expert on or before **March 22, 2021.** This deadline has passed. |
| Plaintiff may serve sur-rebuttal expert reports in response to Defendants' rebuttal expert reports on or before **June 2, 2021**. | Plaintiff may serve sur-rebuttal expert reports in response to Defendants' rebuttal expert reports on or before **June 22, 2021**. |

| | |
|---|---|
| Defendants may serve a rebuttal expert report in response to any expert report concerning Defendants' counterclaim on or before **June 2, 2021**. Defendants shall identify any such rebuttal expert by **April 19, 202** | Defendants may serve a rebuttal expert report in response to any expert report concerning Defendants' counterclaim on or before **June 22, 2021**. Defendants shall identify any such rebuttal expert by **April 19, 2021**. This deadline remains in place. |
| All expert discovery, including expert depositions, must be completed by **June 28, 2021**. The parties must meet and confer by **April 23, 2021**, to coordinate expert depositions. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order. | All expert discovery, including expert depositions, must be completed by **July 23, 2021**. The parties must meet and confer by **April 23, 2021**, to discuss the scheduling of expert depositions. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order. The parties must file their stipulated schedule for the dates reserved for expert depositions when those dates are set, but no later than **June 25, 2021.** |
| All dispositive motions shall be filed by the moving party on or before **August 27, 2021.** | All dispositive motions shall be filed by the moving party on or before **September 27, 2021**. |
| All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **July 1, 2021**. | All non-dispositive motions, including motions relating to expert reports (non-Daubert reports) must be filed and served by **July 1, 2021**.<br><br>All other non-dispositive motions, including motions relating to expert depositions, must be filed and served by **July 20, 2021**. |

| | |
|---|---|
| This case will be ready for a **jury** trial on or about **December 27, 2021**. Plaintiff anticipates the length of trial at 10 days and the Defendants anticipate the length of trial at 21 days. | This case will be ready for a **jury** trial on or about **January 27, 2021**. Plaintiff anticipates the length of trial at 10 days and the Defendants anticipate the length of trial at 21 days. |

Any joint stipulation electing the Stipulated Scheduling Option as permitted by this Order must be filed no later than 4:00 p.m. central on **March 29, 2021**. If a stipulation consistent with this Order is not timely filed, the current dates continue to apply.

Dated: March 26, 2021              *s/ Becky R. Thorson*
                                    BECKY R. THORSON
                                    United States Magistrate Judge