UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Insignia Systems, Inc.,

        Plaintiff,

                              **ORDER**
vs.                            Civ. No. 19-1820 (MJD/BRT)

News Corporation, News
America Marketing FSI LLC and
News America Marketing In-Store
Services, LLC,

        Defendants.

___

William Christopher Carmody, Arun S. Subramanian, Mark Musico, Y. Gloria Park, Ryan V. Caughey, Alejandra Salinas and Rachel S. Black, Susman Godfrey LLP, and Jerry W. Blackwell and S. Jamal Faleel, Blackwell Burke PA, Counsel for Plaintiff.

Todd A. Wind, Nicole M. Moen, and Rachel L. Dougherty, Fredrikson & Byron, PA, William B. Michael, Kenneth A. Gallo, Jane B. O'Brien and Paul D. Brachman, Paul, Weiss, Rifkind, Wharton & Garrison, and Gerson A. Zweifach, Williams & Connolly LLP, Counsel for Defendants.

___

**I.    Background**

This matter is before the Court on Plaintiff's objection to Magistrate Judge Becky R. Thorson's oral order denying its motion to compel Defendant News America Marketing In-Store Services LLC ("NAM") to produce its post-

1

complaint communications with three retailers at issue in this case. [Doc. No. 484]

At the hearing on Plaintiff's motion, the Magistrate Judge noted that Plaintiff's request sought "communications with Albertson, CVS and Kroger from July 11th, 2019 to the present concerning this litigation." (Doc. No. 497-1 at 30.) The Magistrate Judge then found that

> [Plaintiff's] request includes words that have corresponding definitions, and that includes a definition of communication. And the definition for communications states that communications shall mean every manner or means of disclosure, transfer or exchange of information, whether oral, electronic, by document or otherwise, and whether face-to-face, in a meeting, or by telephone, mail, electronic mail, person delivery or otherwise. And communications include communications between your lawyers, and that's capital "Your" and the lawyers of Albertsons, CVS and Kroger. As drafted and incorporating this deposition, the request is overly broad and not proportional and the motion is denied on those grounds.

Id.

Plaintiff asserts it sought this discovery after two of these retailers submitted nearly identical declarations. As NAM has named the declarants as trial witnesses, Plaintiff seeks access to NAM's correspondence with them to evaluate the weight, credibility, bias and motive of the retailers on issues central to this case, and that its request is reasonably and narrowly tailored to achieve such purpose.

Plaintiff argues the Magistrate Judge's Order is clear error, as Defendant did not meet its burden of demonstrating overbreadth or lack of proportionality as needed to resist the requested discovery.

In response, Defendants argue that Plaintiff had the opportunity to depose the declarants at issue, and in fact, did depose one of them, Caroline Pratt. During the deposition, Plaintiff had the opportunity to ask her questions about her declaration.  (Moen Decl. Ex. A (Pratt Dep. at 61-66, 73 and 82.)

Defendants further assert that Plaintiff's request was overly broad because it swept in far more documents than it claims are relevant, and not proportional to the needs of the case given mountain of discovery already produced.  For example, Plaintiff seeks communications with CVS even though a representative from CVS did not submit a declaration.  Further, the request seeks over a year and one-half of post-complaint communications from every manner of agent, employee or representative of multiple parties concerning this litigation.

## II.  Standard of Review

The Court must modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law.  See 28 U.S.C.

§ 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a).  Based on the Court's review of the record and the submissions of the parties, the Court concludes that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law.

**IT IS HEREBY ORDERED**:

1. Plaintiff's Appeal [Doc. No. 495] is DENIED and the Order of Magistrate Judge Becky R. Thorson dated April 27, 2021 [Doc. No. 484] is AFFIRMED in all respects.

Date:  June 30, 2021

s/Michael J. Davis
Michael J. Davis
United States District Court
