UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Insignia Systems, Inc.,

       Plaintiff,

                                **ORDER**
vs.                           Civ. No. 19-1820 (MJD/BRT)

News Corporation, News
America Marketing FSI LLC and
News America Marketing In-Store
Services, LLC,

       Defendants.

---

William Christopher Carmody, Arun S. Subramanian, Mark Musico, Y. Gloria Park, Ryan V. Caughey, Alejandra Salinas and Rachel S. Black, Susman Godfrey LLP, and Jerry W. Blackwell and S. Jamal Faleel, Blackwell Burke PA, Counsel for Plaintiff.

Todd A. Wind, Nicole M. Moen, Timothy M. O'Shea and Rachel L. Dougherty, Fredrikson & Byron, PA, William B. Michael, Kenneth A. Gallo, and Jane B. O'Brien, Paul, Weiss, Rifkind, Wharton & Garrison, and Gerson A. Zweifach, Williams & Connolly LLP, Counsel for Defendants.

---

**I.**     **Background**

This matter is before the Court on Plaintiff's appeal of Magistrate Judge Becky R. Thorson's Order dated May 7, 2021 [Doc. No. 493] denying Plaintiff's motion

1

to compel production of improperly clawed-back materials [Doc. No. 405] and granting Defendants' motion to compel destruction of privileged material and to enforce the protective order [Doc. No. 433].

At issue is a document, described as a legal training presentation, that was inadvertently produced in this case and presented at a deposition. The Magistrate Judge found that at the deposition, defense counsel initially believed the document had previously been ordered produced in prior litigation, based on comments made by Plaintiff's counsel. (Doc. No. 436-3 (Spitz Dep. at 45).) Within a short period of time, however, defense counsel learned the document had not been produced previously, and took reasonable and prompt steps to claw back the document and strike testimony from the deposition. (Id. at 61-63.)

The Magistrate Judge considered the motions of the parties and conducted an *in camera* review of the document at issue. Based on her review of the document, the declaration of Louis Manzo, Senior Vice President and Associate General Counsel of News Corporation, and based on the applicable law, the Magistrate Judge found that the document is covered by the attorney-client privilege. The Magistrate Judge further found that Defendants had sufficiently

2

shown that the employees who were provided the document were in the "need to know" category, and that the privilege had not been waived.

## II.     Standard of Review

The Court must modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a).  Based on the Court's review of the record and the submissions of the parties, the Court concludes that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law.

Plaintiff argues that the document is not protected by the attorney-client privilege because it was distributed to approximately 790 employees that spanned essentially every corporate function.  Plaintiff further asserts the document was posted on the corporate intranet and that Defendants urged employees to print it out.

The fact that a document is distributed to a large number of employees does not result in a finding that it automatically loses privilege status.  See e.g. In re Currency Conversion Antitrust Litig., MDL Nos. 1409, M-21-95, 2010 WL 4365548, at *4 (S.D.N.Y. Nov. 3, 2010) (finding that despite the fact the

3

communications in issue were distributed to large numbers of corporate employees, "a communication containing legal advice does 'not lose [its] privileged status when shared among corporate employees who share responsibility for the subject matter of the communication.'") (citation omitted). In re Currency Conversion Antitrust Litig., 05 CIV. 7116 WHP THK, 2010 WL 4365548, at *4 (S.D.N.Y. Nov. 3, 2010).

Defendants have demonstrated that the document, which this Court has also reviewed *in camera*, was marked confidential and that reasonable steps were taken to maintain its confidentiality and to ensure only those employees with a need to know received the document. As set forth in the Manzo Declaration, the document was prepared with input from outside counsel as part of a legal training initiative for its employees "whose activities were implicated by various plaintiffs' allegations." (Doc. No. 457 (Supp. Manzo Decl. ¶¶ 6 and 10).) The document was not provided to all employees, and was not provided to any non-employees. (Id. ¶ 11.) Manzo directed which employees would receive the materials and he personally led the training sessions. (Id. ¶ 12.) Further, the clawed-back document was maintained and kept by NAM's Office of General Counsel and was not available to NAM employees unless specifically distributed

4

to them.  (Id. ¶ 13.)  Manzo also emphasized the importance in maintaining the attorney-client privilege and stressed that NAM employees should not disclose the substance of the legal advice outside of NAM. (Id.)  Further, he asserts that he determined which employees should receive the legal training, therefore the document was disclosed only to those he believed were in need to know its contents.  (Id. ¶ 14.)

The Court further finds that the Magistrate Judge did not err in finding that Defendants did not waive the privilege.  The record supports the Magistrate Judge's factual findings that defense counsel took reasonable and prompt steps to claw back the document at issue, despite the fact deposition witness testified about the document for a short period of time.  See e.g. Willis Elec. Co., Ltd. V. Polygroup Trading Ltd., 15-cv-3443, 2021 WL 568454 (D. Minn. Feb. 16, 2021) (denying motion to compel and finding document privileged even though it was presented in a deposition); In re Testosterone Replacement Therapy, 301 F. Supp.3d 917, 927 (N.D. Ill. 2018) (finding no waiver of attorney-client privilege for document that was inadvertently disclosed and party took timely action to claw back document).

Accordingly, the Court will affirm the Magistrate Judge's Order in its entirety.

**IT IS HEREBY ORDERED** that Plaintiff's Appeal [Doc. No. 502] is DENIED and the Order of Magistrate Judge Becky R. Thorson dated May 7, 2021 [Doc. No. 493] is AFFIRMED in all respects.

Date:  June 30, 2021

s/Michael J. Davis
Michael J. Davis
United States District Court
